Collier v. Latimer.

### D. D. COLLIER v. NAOMI LATIMER.

1. EXEMPTION. *Heads of families. Who are.* A widow who has been left in
possession of a farm and its appointments by her husband's death,
which she has cultivated as such for eleven years, it being her only
means of support, is entitled to the benefit of the exemption laws, as
the head of the family engaged in agriculture, though her children
are married and not living with her, and she has rented the farm to
another person, who uses her stock in its cultivation, she having re-
served only one room of the house to herself for occupation.

Cases cited: Sarah M. Vincent v. Geo. W. Vincent, adm'r, 1 Heis., 333;
3 Hum., 213.

Code cited: Secs. 2112, 2288.

2. SAME. *Same.* The exemption laws are to be construed together as dif-
erent parts of one act, and are to receive a broad and liberal construc-
tion.

FROM HUMPHREYS.

Appeal from the Circuit Court.   RICE, Judge.

McAdoo & Lanier for plaintiff.

Allen & Shackelford for defendant.

Deaderick, J., delivered the opinion of the court.

Collier, a constable of Humphreys county, levied an execution upon and took in his possession a horse, and cow and calf, as the property of defendant. She replevied the animals, and upon an agreed state of facts, submitted to the Judge of the Circuit Court of Humphreys county, he decided in favor of said Naomi, and Collier appealed to this court.

The facts agreed are, in substance, that the levy was valid and the seizure lawful, unless the property was exempt from execution, as being the only property of the kind owned by said Naomi. It was also agreed that defendant was a widow, whose husband had been dead eleven years; that she had children, but they were, at the time of the levy, all of full age, and had married and left their mother, leaving her living on the place or farm where she had resided at the time of and ever since her husband's death, he being the owner of the farm at the time of his death, and that she had cultivated the farm every year since her husband's death up to the time of the levy; and that she is still living on the place, occupying one room for herself, which is rented out for the present, and the horse seized was, by her contract, to be used in making the crop; that the farm was her only means of subsistence, and the contract for renting was made when the property was seized; that none of her chil-

dren lived with her, and fifteen days before the levy her brother, who had lived with her a few months, left her, and she had no family at the time of the levy but herself. Upon the death of the husband the exempt property belonging to him is likewise exempt in the hands of the widow, for her own benefit if there be no children, or for their joint benefit if there are children. Code, sec. 2288. By sec. 2112 the same provision is made in favor of the wife whose husband absconds. It is next shown that any of the property in controversy belonged to the husband of defendant at the time of his death.

But these provisions are cited as showing the policy of the statutes upon the subject of exemption to give the widow its benefits, even if there be no children; and all these exemption laws, it has been often held by this court, are to be construed together as different parts of one act, and are to receive at the hands of the courts a broad and liberal construction, so as to favor the remedy intended by the Legislature. According-ly, it has been held that a widowed daughter, residing with her father, and eating at the same table, whose children also lived with her at her father's, and cultivated part of his farm, was the head of a family within the meaning of the exemption laws. 3 Hum., 213.

Upon like reasons, and for similar purposes, it has also been held by this court, in a recent case, that a jackass is a horse within the meaning of said acts. 1 Heis., 333.

In the case cited in 3 Hum., referring to a New

Collier *v.* Latimer.

York case upon a statute similar to ours, this court said that a man thirty-five or forty years old, residing with his step-mother, having no wife nor children, was not a householder, because he had no family, had no control of the house, and, consequently, could not be a householder. But in this case, although defendant had no children living with her at the time of the levy, she had control of the house, as she had had ever since the death of her husband, and as before the children grew up and left her, and was a housekeeper, and the head of her establishment, engaged in agriculture for her support, and falls within the spirit and meaning of the acts exempting certain articles of personalty from execution in hands of heads of families engaged in agriculture, and we think the judgment of the circuit court was correct, and affirm it.