COMMERCE UNION BANK *v.* WALTERS *et al.*

(*Nashville*, December Term, 1948.)

Opinion filed December 20, 1948.

BAILEY & POWELL, of Nashville, for petitioner, Mrs. Laura Belle Walters.

CHARLES L. CORNELIUS and W. OVID COLLINS, JR., both of Nashville, for respondent, Commerce-Union Bank.

WILLIAMS, CUMMINGS, & WEST and HUGH C. HOWSER, all of Nashville, for respondents Harry G. Walters, Jr., Mrs. Elizabeth Walters Fox and Mrs. Lillian Gaither.

HOFSTETTER & HOFSTETTER, of Nashville, for respondents Mrs. Lillian Schultz and Mrs. Hazel Hester.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit for a declaratory judgment to determine to whom should be paid the proceeds of a life insurance policy of $5,056.28 issued upon the life of G. Jack Walters. The insured had been previously married and had two children, who died before his second marriage, and these children were survived by children. So, the contest is between the two sets of grandchildren and the second wife or widow. The Chancellor held that the widow took all the proceeds of the policy, while the Court of Appeals modified the Chancellor's holding and held that the widow took one third and the grandchildren the other two thirds by representation.

Williams' Code, sec. 8456, provides:

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

The distribution of personalty is regulated by Code, sec. 8389, as follows:

"The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows:

"(1) To the husband or wife and children, or the descendants of children representing them equally, the husband or wife taking a child's share."

At common law the word "children" did not include grandchildren, but "it must be coupled with other expressions which will give to it such a signification." *Booker* v. *Booker*, 24 Tenn. 505; *Hoggatt* v. *Clopton*, 142 Tenn. 184, 217 S. W. 657.

Construing Sections 4030 and 4231 of Shannon's Code, the Court said in *Nashville Trust Co.* v. *First Nat. Bank*, 123 Tenn. 617, 624, 134 S. W. 311, 313:

"It is also well settled that if the policy, by its terms, be payable to the legal representatives of the assured husband, and he die without having made any disposition of it, that by the operation of the statute the claims of his widow and next of kin, whether the latter be children or other kin falling within the terms of the statute, will prevail over the claims of his general creditors in a contest over the proceeds of the policy, whether the estate of the insured be solvent or insolvent, and although in the particular case the policy may have been issued before the assured was married. See *Rose* v. *Wortham*, 95 Tenn. [505], 507, 32 S. W. 458, 30 L. R. A. 609, citing *Harvey, Adm'r*, v. *Harrison*, 89 Tenn. [470], 476, 14 S. W. 1083; *Collier* v. *Latimer*, 8 Baxt. 420 [67 Tenn. 420], 35 Am. Rep. 711; *Jackson, Orr & Co.* v. *Shelton*, 89 Tenn. 82, 16 S. W. 142, [143], 12 L. R. A. 514; *State, for use, etc.*, v. *Anderson*, 16 Lea [321], 338, [84 Tenn. 321, 338]."

Construing Code, secs. 8456 and 8389 together, we are of opinion that the grandchildren take the

interest their parents would have taken, if living. We do not think that under section 8456 the proceeds arising from the policy should be strictly held to be divided between the widow and the children, but should be construed in the light of the provision of section 8389, which provides for representation.

We find no error in the decree of the Court of Appeals, and the writ is denied.

All concur.