Rosenbaum *v.* Davis.

' ROSENBAUM *v.* DAVIS.

(*Knoxville.* November 17, 1900.)

1. HOMESTEAD. *Not defeated by husband's voluntary conveyance to wife.*

The wife's right to homestead is not defeated by the fact that the husband has made to her a voluntary conveyance of the homestead property, which has been set aside, at the suit of the husband's creditors, as fraudulent in law merely. (*Post, pp. 52–56.*)

Cases cited: Cowan *v.* Johnson, 2 Shan. Cases, 41; Ruohs *v.* Hooke, 3 Lea, 302; Nichol *v.* Davidson County, 8 Lea, 389.

2. SAME. *Application for, not barred, when.*

An application for assignment of homestead is not barred which is made in the Chancery Court, after remand of the cause to execute a decree of this Court adjudging a conveyance of the homestead property from husband to wife void in law, and directing the property to be sold for payment of the husband's debts, there being no question of homestead made in the original pleadings. Such decree is not final in such sense that it can be pleaded as *res adjudicata.* (*Post, pp. 56–59.*)

Cases cited: Railroad *v.* Bridgeman, 95 Tenn., 624; Thompson *v.* Thompson (oral opinion).

FROM SULLIVAN.

Appeal from Chancery Court of Sullivan County. HUGH G. KYLE, Ch.

Rosenbaum *v.* Davis.

CURTIN & HAYNES for Rosenbaum & Co.

WASHBURN, PICKLE & TURNER, H. G. PETERS, and C. J. ST. JOHN for Davis.

McALISTER, J. The question presented for determination upon the record is whether Evan Davis and wife are entitled to homestead in the proceeds of a house and lot sold in this cause. Complainants, who are judgment creditors of Davis, resist the claim to homestead upon two grounds, namely: First, equitable estoppel; and, second, *res adjudicata.*

The facts found by the Court of Chancery Appeals are that several years since complainants, as creditors of Evan Davis, filed the original bill in these causes alleging that Davis had fraudulently conveyed to his wife the real estate described, and asking that said conveyance be set aside and the property subjected to the payment of their claims.

Such proceedings were had that, at the September term, 1898, of this Court, a decree was pronounced adjudging said conveyances fraudulent in law, but not fraudulent in fact. Thereupon said consolidated causes were remanded to the Chancery Court of Sullivan County for further proceedings.

When the cause reached the Chancery Court, and before any steps had been taken for the execution of the decree of this Court, Davis and

wife presented a petition to be allowed homestead in one of the pieces of real estate embraced in the fraudulent conveyance. The complainants first demurred and then filed an answer to the petition. It being impracticable to allot homestead in kind in the storehouse and lot in which it was claimed, by agreement of parties the property was sold reserving the right to claim homestead in the proceeds of sale. The Court of Chancery Appeals, affirming the decree of the Chancellor, adjudged that petitioners were entitled to a homestead.

Complainants appealed, and their assignment is that the Court of Chancery Appeals erred in holding that Davis and wife are, upon the facts and pleadings as they appear in this cause, entitled to homestead and that they are not estopped, and in holding that said former decree was not *res adjudicata* upon the question of homestead, while said decree stands unimpeached.

The question presented for our decision has frequently arisen and been adjudicated by this Court. In the case of *Cowan, McClung & Co.* v. *Johnson. et al.,* decided at Knoxville in 1876 and reported in Vol. 2, Shannon's Tenn. Cases, p. 41, it was held that the wife who joins her husband in a deed fraudulently conveying his home and only property, thereby parts with her right to homestead therein. In that case the deed was set aside at the suit of creditors of the husband, the

Court adjudging the conveyance fraudulent in fact. The ground of the decision in that case was equitable estoppel, the Court finding that the wife participated in the fraudulent conveyance.

In the case now being decided, the conveyances from Davis to his wife were adjudged not fraudulent in fact, but only fraudulent in law.

The next case to which our attention has been called is that of *Ruohs* v. *Hooke,* 3 Lea, 302, in which it was held that a wife is entitled to a homestead in lands fraudulently conveyed to her by her husband for the purpose of hindering and delaying his creditors, but in that case the decision was rested upon the ground that the conveyance to the wife was only fraudulent in law. The Court distinguished that case from the case of *Cowan* v. *Johnson,* in this, that the wife had not participated in any fraud. "There is," said the Court, "but fraud in law growing out of a gift by the husband to the wife which he was unable to make by reason of his indebtedness. The wife simply accepted the bounty, or did not dissent. On what principle," said the Court, "it can be held that the homestead right secured by the Constitution of 1870, not only to the head of the family exempt from sale under legal process during his life, but which inures to the benefit of the widow and the children during the minority, can be forfeited in favor of the creditor by a voluntary conveyance made to the wife, we are

Rosenbaum *v.* Davis.

unable to see. The conveyance to the wife is void as to creditors and .is set aside as to the right of the creditors existent at the time of the conveyance, so that the creditor stands as if it did not exist. This is clear. But how the creditor stands any higher or acquires an additional right by setting aside the conveyance, beyond what he had before it was made, it is difficult to see. Before the conveyance he could only sell the property of his debtor subject to the homestead, and it could not be sold by legal process."

The Court therefore held that the deed of gift to the wife, though voluntary and void as to creditors, does not defeat the homestead right nor enlarge in any way the right of the creditors as they existed before it was made.

The case of *Nichol* v. *Davidson County,* decided in 1891, and reported in 8 Lea, 389, held that the husband's fraudulent conveyance of the homestead to the wife under the Act of 1868 would defeat the wife's claim. The decision in that case, however, was based on the holding that under the Act of 1868, the wife had no interest in the homestead, and the husband alone could convey it. That case, however, approves in principle, *Cowan* v. *Johnson.*

We conclude, therefore, that there is no equitable estoppel in the present case against the wife's right to assert homestead in this land by reason

of any participation in the fraudulent conveyance. On this point the Court is unanimous.

It is next insisted that the right of homestead was necessarily involved in the litigation in which the conveyances were adjudged fraudulent, and that the husband and wife having failed until after the final decree in that cause to assert a claim of homestead, the matter is now *res adjudicata.* As already stated, the petition of Davis and wife asking an allotment of homestead was filed in this cause, but not until the decree of the Court had been rendered adjudging the conveyances fraudulent in law, and not until said cause had been re- manded to the Chancery Court for further pro- ceedings in conformity with that decree.

The claim of complainants that the right to homestead is *res adjudicata* is rested principally upon the case of *Joyce* v. *Tomlin,* decided at Jackson in 1884 and reported in 2 Shannon's Cases, 143.

The syllabus of that case is, viz.: "Where the creditors of a husband file a bill against him, his wife and son to set aside a conveyance made by him to them on the ground that it was vol- untary and intended to hinder and delay his creditors, and praying for a sale to pay their debts, and the bill is taken for confessed as to the husband and wife, and the cause is heard upon the bill, order *pro confesso,* answer by guardian *ad litem* of the infant son and a de-

Rosenbaum *v.* Davis.

cree is rendered declaring the conveyance fraudulent and ordering the land sold, which was done, and a writ of possession issued and the wife turned out of possession, the question of the right to homestead is adjudicated. The wife being a party to the suit, was bound to have interposed her claim for homestead, and not having done so, she is precluded from asserting any right to homestead. It was further held that a bill of review will not lie to review such a decree for error apparent on its face."

The case was decided by a divided Court, Judges Turney and Freeman dissenting.

It will be observed in that case the husband and wife permitted the homestead to be sold without asserting any claim to it; the sale was confirmed, and the purchaser went into possession. The decree was a final decree. The wife, by next friend, then sought by bill of review to set aside that decree for error of law apparent on its face. The Court held that the question was adjudicated and the homestead lost.

It is insisted on behalf of petitioners that *Joyce* v. *Tomlin,* is not controlling, for the reason that the right to homestead in this case was asserted before final decree.

As already stated, this Court had pronounced a decree adjudging the conveyance fraudulent and remanding the cause for further proceedings in

conformity with the decree, and on the remand the petition for homestead was filed.

Complainant's counsel, resisting the allowance of homestead, contend that the decree of the Court was such a final decree as would support a plea of *res adjudicata.*

It is insisted that decree settled all the rights of the parties. It adjudged the conveyances fraudulent and set them aside. It granted recoveries in favor of complainant's creditors and adjudged certain priorities and also the costs of the cause, and remanded the cause for the execution of the decree. It is insisted that decree was to all intents and purposes final, that it could not be changed even by this Court except upon bill of review or upon grounds of fraud; that it had passed entirely beyond control, except by a special proceeding to set it aside, and that so long as it remains in force it is as binding and as much *res adjudicata* as if the property had been sold in compliance with the directions of the decree.

On the other hand, it is insisted on behalf of petitioners that the decree of this Court was not a final decree in its strict technical sense, and unless final in that sense it will not support the plea of *res adjudicata,* citing *Railroad* v. *Bridgeman,* 11 Pickle; *Thompson* v. *Thompson,* Knoxville, September term, 1899.

In the last case it appeared that Mrs. Thompson was made a party to the original bill and

Rosenbaum *v.* Davis.

suffered a judgment *pro confesso.* The legal title to the property was in her husband, and the creditor's bill alleged that defendants were entitled to homestead. The Court adjudged defendants were entitled to homestead in the particular property, and it was actually assigned. Before confirmation, however, Mrs. Thompson filed an original bill asserting an equitable title to the property in question, and enjoining any further proceedings under the creditor's bill. The plea of *res adjudicata* in the original cause was interposed, and this Court at last term held that decree was not final in such sense as to support that plea.

A majority of the Court are of opinion that the decree of this Court adjudging fraudulent said conveyance from Davis to his wife, and remanding the cause, was not such a final decree as would support the plea of *res adjudicata,* and that the petition for allotment of homestead filed by Davis and wife after the remandment was seasonable.

On this latter proposition Chief Justice Snodgrass and the writer do not agree with the majority, but are of opinion the decree of this Court was, to all intents and purposes, a final decree, and that it was too late, upon the remand for the execution of the decree, to set up homestead.

The result, however, is that the decree of the Court of Chancery Appeals is affirmed.