Mash v. Russell.

A. J. MASH AND WIFE v. D. D. RUSSELL et als.

HOMESTEAD. Reversion. The deed of husband and wife, without the privy examination of the wife, conveying land then occupied as a homestead, the legal title to which is in the husband, will not carry the homestead right either against the husband or wife, but will vest the grantee with the husband's interest in reversion expectant on the termination of the homestead estate.

FROM BEDFORD.

Appeal from the Chancery Court of Shelbyville. A. S. MARKS, Ch.

IVIE & MYERS for complainants.

E. COOPER for defendants.

COOPER, J., delivered the opinion of the court.

The complainant, A. J. Mash, being the owner in fee of the land then occupied by him, with his wife and children, as a residence, conveyed the same, on the 21st of January, 1871, to the defendant, D. D. Russell, by deed, purporting to be absolute, but in reality to secure Russell as his surety on a note for $250. On the 12th of December, 1871, being still in like possession, he, his wife, and Russell joined in a deed conveying the land to the defendant, J. R. Hilton, in consideration of the payment of the note on which Russell was surety, and of $750, receipted as paid in cash, though actually paid in mules deliv-

ered to the husband. Although the wife of Mash signed this deed, she refused to acknowledge it, and her privy examination was never taken. Shortly afterward Mash moved from the land with his wife and family, and engaged in business in a neighboring town for about eighteen months, when he re-occupied the place with his family, having acquired no other land or homestead in the meantime. During his absence the land was occupied by his son-in-law until the end of the first year after the removal, and during the next year by a renter on shares. The defendant Hilton having brought ejectment for the land against the tenant, this bill was filed to enjoin the further prosecution of the suit.

The land being in the actual occupancy of the husband and wife as a homestead at the date of the conveyances to Russell and Hilton, those conveyances did not carry the homestead right secured by the Constitution of 1870, art. XI, sec. 11, and the act of the Legislature passed to carry the provisions of that section into effect, act of 1870, 2d sess., ch. 80, sec. 1; Code, sec. 2114a. That right could only be alienated, under such circumstances, by the joint consent of the husband and wife, "evidenced by conveyance duly executed as required by law for married women," that is, by privy examination of the *feme*.

It is well settled that the wife may in such cases protect the homestead right by bill *quia timet: Williams* v. *Williams*, 1 Tenn. Leg. Rep., 316; *Carter* v. *Hattan, ibid.,* 326. Or recover possession after removal and the husband's death: *Neam* v. *Campbell*, 1

Tenn. Leg. Rep., 28. And the right of the wife will prevail upon re-occupation, even where the conveyance was made by the husband when not in the actual occupancy of the premises: *Hooper* v. *Hooper,* 1 Memp. L. J., 183; *Dickinson* v. *Mayer,* 11 Heis., 515. By the terms of the Constitution and the statute, the conveyance is equally invalid to carry the homestead right as against the husband. There can be no estoppel where the conveyance is expressly forbidden except in the prescribed mode, the husband being the trustee, to the extent of that right, for his wife and children: *Kennedy* v. *Stacey,* 1 Baxt., 220; *Pratt* v. *Burr,* 5 Biss., 38; *Hoge* v. *Hollister,* 2 Tenn. Ch., 612; *Connor* v. *McMurray,* 2 Allen, 202; *Doyle* v. *Coburn,* 6 Allen, 72; Thompson on Homestead, sec. 474. But the husband's deed would be good to convey his interest in the land, subject to the homestead right or estate: *Moore* v. *Hervey,* 1 Tenn. Leg. Rep., 22. The defendant Holton is, therefore, clothed with the legal title to the land in reversion expectant on the termination of the homestead estate.

The decree of the Chancellor is, therefore, substantially correct, except that the suit at law should be perpetually enjoined, and the defendant Holton's rights declared in accordance with this opinion. He will be entitled at once to a writ of possession for so much of the land, if any, as, upon the report of the commissioners, may not be embraced in the homestead, and to a writ of possession for the residue of the land when the homestead right ceases. The complainants have brought the whole litigation into the

35

Chancery Court, and it should be there terminated according to, the established rule of the court.

The costs of this court will be paid by Holton, the court below as decreed by the Chancellor.