Roach v. Hacker.

2L 633
9L 179
9L 673
14L 340
14L 342
3pi 334

EMMA C. ROACH *v.* CATHERINE HACKER *et als.*

1. HOMESTEAD. *Abandonment of.* The husband with his wife and mother resided on the lot in controversy from 1871 to 1874, when the husband went to Kentucky and his wife to her father's, in another county in this State, leaving the mother of the husband in charge of the property. Upon bill filed by wife enjoining the sale of the property by husband's creditor, it is held that she has no homestead right in the same, though she states in her bill that it was her intention to return as soon as she could—three years nearly having elapsed since her abandonment—this not being a sufficient possession under the statute, 2114*a* of the Code.

2. SAME. *Subrogation to rights of trust creditor by wife.* The wife, however, may be subrogated to the rights of such trust creditors whose debts. against the property she has paid.

FROM KNOX.

Appeal from the decree of the Chancery Court at Knoxville. O. P. TEMTLE, Ch.

LOGAN & LUCKY for complainants.

L. TILLMAN, Jr., and A. S. PROSSER for respondents.

COOPER, J., delivered the opinion of the court.

The contest in this case is between a wife and the creditors of the husband, over a homestead right claimed by the wife, and turns upon the question of fact whether there has been an abandonment by the husband and wife of the "possession" of the premises required to constitute the homestead under the act of 1870, ch. 80, sec. 1 (T. & S. Code, sec. 2114*a*); *Wade v. Wade,* 2 Leg. Rep., 10.

George A. Roach and the complainant, Emma C. his wife, resided on the lot in controversy, from 1871 to April, 1874, it being the property of the husband. On the 5th of January, 1874, they joined in a deed, conveying the lot to a trustee to secure a debt of the husband for $93.39. Early in April, 1874, the husband sold, principally at auction, a part of his personal property and household furniture, proposing to go to some point in the State of Kentucky, where he had procured employment. He left for Kentucky on the 12th of April, 1874, and on the next day his wife went to her father's in another county in this State, with her two children, where she has remained ever since. Roach left his mother in charge of the property, who rented it, and lived with the renter, paying her board with the rent for one year. The property has also been rented by her for the subsequent years, the rent being used partly in paying taxes, partly for her benefit, and partly for the wife. The intention of the husband when he left, was to send money for his wife and mother, and they were to follow him to Kentucky. No money has been sent to the wife at all, and for nearly two years before the filing of her bill no direct communication had been received by her from him. He had, however, on two or three occasions sent small sums of money to his mother, in all about $30, and he had been heard of within a few weeks before bill filed. The defendants, as creditors of the husband, levied executions and attachments on the house and lot in 1876, and were proceeding to sell, when this bill was filed

Roach *v.* Hacker.

by the wife, on the 19th of January, 1877, enjoining the sale, claiming a homestead, and also, in the event this claim should not be sustained, seeking to be subrogated to the rights of the trust creditor whose debt had been paid off by the wife by money obtained from her father, and whose trust title was therefore released to the husband and wife. The wife claims that her intention always has been to return to the homestead, even if she had gone to Kentucky as originally contemplated. That she had only been prevented from returning by want of means, and expects to return there "as soon as she can." The bill goes upon the idea that the husband has deserted his wife, and does not intend to return.

If we look alone to the acts of the parties, it is clear that there has been an abandonment of the possession of the homestead both by husband and wife for a sufficient period of time to open the property to the attack of creditors, unless satisfactorily explained. So far as the husband is concerned, there is not only no explanation, but the bill itself is framed upon the idea that his absence is intended to be permanent. And there is nothing to show that it was not so intended from the beginning. The wife's absence has been equally as permanent, without, so far as appears, any intention of returning at any certain period. Any intention she may have had or may now have, is manifestly contingent upon the return of the husband, or his furnishing her the means of support. To hold that such an intention would suffice to sustain a claim of homestead, would be to declare judicially, what the

Legislature has recently done by statute, that the homestead right shall be independent of the actual occupancy of the premises.

It has not been seriously contended that the complainant is not entitled to be subrogated to the creditor's rights under the trust deed of the husband. Her equity in this regard is too clear for argument.

The decree will be affirmed, but the costs will be paid out of the proceeds of the property when sold.