Fauver *v.* Fleenor.

J. W. FAUVER *v.* REBECCA FLEENOR *et al.*

. HOMESTEAD. The homestead right is not a fee simple right, but a right of occupancy for life.

2. SAME. *Right of in equitable estates.* The right of homestead exists in equitable estates, but all liens acquired before the homestead has been established must be raised by the claimant of the right of homestead, or it will be sold to satisfy such liens.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountsville. H. C. SMITH, Ch.

Fauver *v.* Fleenor.

W. D. HAYNES for complainant.

C. J. ST. JOHN and THOS. CURTIN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The petition for rehearing by defendant, Rebecca, has been examined. It insists that the complainant bought the land of defendant, Jas. A. Fleenor, the husband of said Rebecca, and took assignment of his title bond, and because this purchase was ineffectual to convey the right of homestead, it was a fraud, and complainant took no interest in the land.

It is true that the assignment of the title bond, as declared in the former opinion, did not deprive the wife of the right of homestead, yet it did authorize the vendor of Fleenor to convey to complainant his interest in the land, subject to the homestead right. And this right it was declared that said Jas. Fleenor could not convey without the consent of his wife. It follows that the wife may claim the homestead right in the land to the extent of the interest therein of her husband—that is, homestead subject to the lien for purchase money. He had paid a portion of the purchase money, and authorized this original vendor to convey it, the fee, to Fauver, upon payment of the balance of purchase money. This balance, of about $274, and interest, was a lien in the vendor's hands upon the land, and we held that on payment by complainant of said balance to Hawkins, the vendor, and upon the execution of a deed, as directed by Fleenor, by Hawkins to complainant, Fauver, the

latter held the same lien upon the land which Hawkins had held.

The decree directs that the land be sold to pay this purchase money, and the. excess, if any, be invested in a homestead for said Rebecca and children. This is precisely the right which Hawkins could have enforced, and to which complainant was subrogated by the deed from Hawkins to him.

The decree further provides in the alternative that Mrs. Fleenor, by paying the balance of the purchase money, and thus removing the incumbrance upon the land, may keep the whole place as a homestead. It is insisted that if she pays the balance of the purchase money she should be entitled to the fee simple in the land.

We do not think so. The homestead right is not a fee simple right, to the land, thus set apart, but a right of occupancy for life of the tenant and his or her children during minority, and this is Mrs. Fleenor's right. So that the reversion or remainder interest after the termination of the homestead right remains in the owner of the fee simple, or the party who has a right to call for the fee simple, and Fleenor may make a sale of this without the consent of the wife, or it may be sold by his creditors. All that Mrs. Fleenor is entitled to is a right of homestead in so much of the land as Fleenor paid for; but she cannot have this until the vendor's lien is paid and removed. This lien, upon the whole, may be satisfied in either of two ways, first, by paying the amount of the lien; second, by allowing the land

Fauver *v.* Fleenor.

to be sold for its satisfaction. And however it may be satisfied, the holder of the fee simple title would be entitled to the land, after the termination of the homestead right.

Thompson on Homesteads, while admitting the right in equitable estates, declares it subject to vendor's lien: Secs. 170, 171, 172, 173 and 330. And in section 331 it is said that "all liens acquired before the homestead has been established must be raised by the claimant of the right of homestead, or it will be sold to satisfy such liens;" and this is the decision as declared in the decree; that is, that complainant may enforce the payment of the balance of purchase money due by sale of the land, or that the party who claims the homestead must pay the encumbrance; and this removal of the lien by the claimant must be done to effectuate the enjoyment of the homestead, and does not disturb the fee. That remains in the vendor or his assignee. But if the land be sold to satisfy the purchase money, the purchaser would take the fee for the satisfaction of purchase money, the residue, if any, would be invested in a homestead.

If complainant is entitled, subject to the wife's right of homestead, to the land paid for by Fleenor, and assigned to him by virtue of the assignment of the title bond and deed executed by Hawkins, to the fee in the entire tract, the payment of the balance of unpaid purchase money by Mrs. Fleenor, if she elect to do so, would not divest him of his title, but would simply remove the encumbrance and entitle her to the whole as homestead.

40—VOL. 13.

All that she is entitled to, is homestead, in any aspect of the case. She is not bound to pay the money to remove the encumbrance of the lien, but may do so at her option. If she does not, the land must be sold for that purpose.

. The decree is correct, and the petition for rehearing will be dismissed.