## COLLINS *v.* BOYETT.

### (*Nashville.* February 16, 1889.)

HOMESTEAD. *Abandonment. Removal of husband and wife.*

Under Act 1870, Ch. 80, the removal of husband and wife from premises occupied as homestead after conveyance thereof by the husband without the wife's joinder, does not operate to defeat the wife's homestead right therein, no other homestead having been acquired after such removal.

"*The wife cannot be thus compelled to elect between her husband and homestead.*" (See now Acts 1879, Ch. 171.)

Constitution cited: Art. XI., § 11.

Act construed: Act 1870 (Second Session), Ch. 80 (Code § 2114*a*, T. & S.).

Case cited and overruled, Levison *v.* Abrahams, 14 Lea, 336.

Cited and approved: Roach *v.* Hacker, 2 Lea, 634; Wade *v.* Wade, 2 Leg. Rep., 10; Williams *v.* Williams, 7 Bax., 118; Neam *v.* Campbell, 1 Leg. Rep., 28; Mosh *v.* Russell, 1 Lea, 544; Richards *v.* Smith, MSS. (1881); Jarman *v.* Jarman, 4 Lea, 675.

(See 86 Tenn., 660, disapproving Jarman *v.* Jarman and citing approvingly Parr *v.* Fumbanks, 11 Lea, 398, since overruled in White *v.* Fulghum, ante p. 281.)

### FROM MARSHALL.

Appeal from Chancery Court of Marshall County, W. S. FLEMING, Ch.

On March 15, 1873, complainant and her husband occupied the lands in controversy as their homestead. At that date the husband sold the

lands and conveyed same without the wife's joinder in the deed. Subsequently they removed from the premises. The purchaser took possession and paid the purchase price in full. In 1883, after the land had been transferred by the original purchaser, the wife brought this bill against her husband and those claiming the lands under his deed to recover her homestead therein. Complainant had acquired no homestead subsequent to her removal.

The Chancellor dismissed the bill.

Complainant appealed.

Jones & Murray and W. W. Walker for Collins.

J. H. Lewis for Boyett.

Turney, C. J. Section 11, Article XI., of the Constitution ordains: "A homestead in the possession of each head of a family, and the improvements thereon, to the value in all of one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same; nor shall said property be alienated without the joint consent of husband and wife, when that relation exists."

Section 2114a of the Code, after providing the homestead, enacts: "That said real estate shall not be alienated without the joint consent of the hus-

band and wife, when that relation exists, to be evidenced by conveyance duly executed as required by law for married women."

In this case the land was sold by the husband in November, 1873; the bill filed by the wife for homestead in April, 1883. At the end of twelve months after the sale the husband and wife removed from the premises, and have owned no other homestead.

The proof is conflicting as to whether the wife gave her oral consent to the sale, the parties affirming and denying, supporting their theories with equal vigor.

In our opinion it is immaterial which is right as to the fact. The wife not having signed the deed and been privily examined, no other consent will deprive her of her homestead. It is argued that the removal of the wife with her husband was an abandonment of the right, and in support of this *Levison & Co.* v. *Abrahams*, 14 Lea, 336, is relied on. That case does sustain the contention, but it is unsound and not in accord with reported decisions of this Court. The wife cannot be thus compelled to elect between her husband and homestead. It cites several cases to justify it. The first is *Henry* v. *Wilson*, 9 Lea, 178. In that case the husband left the wife and went to Kentucky, declaring his intention never to live with his wife again, and filed a petition in Kentucky for a divorce. About a year after his desertion the wife removed to Dyer County, leaving the

homestead vacant. This was a voluntary abandonment, uninfluenced by a purpose to be with her husband.

In *Roach* v. *Hacker*, 2 Lea, 634, the wife left the homestead after the husband had gone to Kentucky, and her bill to recover homestead "goes upon the idea that the husband deserted his wife and does not intend to return."

In *Jarman* v. *Jarman*, 4 Lea, 675, it is said: "By our law the homestead vests in the husband and wife jointly, and is a life estate. Upon the death of either it vests in the survivor. Neither has the right to dispose of it except with the consent of the other, by will or otherwise, and then only in the mode prescribed by statute. The right of the wife is fixed during coverture, and is only lost by her voluntary alienation or abandonment, or by her death." There was nothing in the case calling for the use of the words "voluntary abandonment," and therefore they were not defined.

*Wade* v. *Wade*, 2 Legal Reporter, 10, simply holds that the land claimed as a homestead was not used or occupied as such, had no dwelling-house upon it, and therefore there was no right of homestead in it.

So that the case of *Levison & Co.* v. *Abrahams* is not sustained in any particular by the cases it cites.

In *Williams* v. *Williams*, 7 Baxter, 118, Chief Justice Nicholson says:

"It is now a rule of property, made permanent by the fundamental law, that every head of a family is deprived of the right to alienate the homestead unless his wife joins in the conveyance. It follows that such conveyance is absolutely void, and communicates no title to the purchaser, so far as it abridges or interferes with the wife's homestead right; and the wife, by her next friend, has such an interest in the preservation of the homestead as entitles her to invoke the protection of a court of chancery, by bill *quia timet*, to have the cloud upon her rights removed, and her homestead rights declared."

In *Neam* v. *Campbell*, 1 Legal Reporter, 28, Judge McFarland said:

"We have held that a wife is not to be deprived of this right (homestead), although the husband, during his life, moved away from the land with her and his family. She may afterward assert her right and be restored to possession," citing *Carter* v. *Natham et al.* and *Williamson* v. *Wood*, MS. He proceeds: "The homestead exemption is not an estate in the land, but a mere exemption, and when the widow voluntarily abandons the possession her right is gone (*Hick* v. *Pepper*, MS.); but not so where she was moved from the premises by her husband."

In *Mash* v. *Russell*, 1 Lea, 544, Judge Cooper says: "The land being in the actual occupancy of the husband and wife as a homestead at the date of the conveyances, those conveyances did not carry

the homestead right secured by the Constitution and the Act of the Legislature to carry it into effect. That right could only be alienated under such circumstances by the joint consent of the husband and wife, 'evidenced by conveyance duly executed as required by law for married women' —that is, by privy examination of the *feme.*"

In an unpublished opinion of Special Judge E. H. Ewing, in *Richards, by next friend,* v. *Smith,* found in Opinion Book of 1881, at page 318, it is said: "Homestead, as above defined, is property, and must be passed as provided by the Constitution and statute, and but one mode is allowed. * * * There must be a writing to pass a man's lands, signed by him. Nothing else will pass his lands.

"The wife's 'disabilities which restrict her are equally a shield for her protection. The makers of the Constitution doubtless looked well in this provision to the peculiar relation of husband and wife. They could well foresee that many cases would arise when the conduct of a reckless and besotted or tyrannical husband might drive a woman to shifts, and concealments even, that would not bear the scrutiny of a strict morality, and thought that at least she should have that protection which comes from the solemnities of a deed and privy examination.'

"The husband undertook to sell the homestead, the wife not joining. He removed after the alien-

Collins *v.* Boyett.

ation, and took his wife with him. The deed as to her right in the homestead was void."

There was no break in this line of decisions till *Levison & Co.* v. *Abrahams* appeared. If it is to stand it overrules quite a number of well considered cases adhering to the Constitution and enabling statute, from both of which it is a departure. It is therefore overruled.

The decree of the Chancellor is reversed, and the cause remanded for assignment of homestead and an account for rents from the filing of the bill. Defendants will pay costs.