MOSES  v.  GRONER.

(*Knoxville.*   November   24,   1900.)

HOMESTEAD.   *Exists in several unimproved lots situated in separate blocks, when.*

The head of a family who is owner of four unimproved town lots, worth less than $1,000, situated in as many separate, but contiguous, blocks, separated by streets, is entitled to claim them all as homestead, it appearing that one lot could be used for dwelling and outhouses and the other three as truck patches.

FROM   KNOX.

Appeal from Chancery Court of Knox County. H. B. LINDSAY, Ch.

SANSOM, WELCKER & PARKER for Moses.

TEMPLETON & CATES for Groner.

McALISTER, J. This record presents a question of allotment of homestead. The specific question is, whether complainants are entitled to homestead in four unimproved lots in what is known as Mayfield's Addition to Knoxville. The four lots mentioned are not contiguous, but are separated

by streets—imaginary streets laid off on the plan —and each of said lots is situated in a separate block. It further appeared that said four lots are worth less than $1,000. The Clerk and Master reported that said lots are not so situated that any two or more of them can be used as one lot for the purpose of a home, but they are so situated that a house and barn could be built on one lot, leaving considerable ground on said lot, and that the other lots could be used as truck patches in connection with the house lot.

The Court of Chancery Appeals held that the contiguity of the lots so that they could be embraced in one inclosure was not necessary to make them subject to the homestead right. This holding is in accord with our adjudicated cases. In *Smith & Wife* v. *Carter Bros.* it appeared that Smith owned a lot in the town of Falcon, on which he lived with his family, and held title bond to another lot across the street, on which there was a lien for purchase money. The Court held that if the two lots were worth less than $1,000, complainant had a clear right to homestead in both lots.

In *Bank* v. *Meacham,* we held that the head of a family may have a homestead in so much of a tract of land lying apart from the one on which he resides, but used in connection therewith, as is necessary, together with the residence lot, to make up the value of $1,000. It appeared, in

Moses *v.* Groner.

that case, that the two tracts of land did not adjoin each other, but were apart at least a quarter of a mile.

These authorities, we think, are conclusive of this question, and the decree is affirmed.