## MOORE *v.* WARD.

### (*Knoxville.* November 5, 1901.)

HOMESTEAD. *Divorced wife not entitled to, when.*

A wife who has obtained a divorce, but has not claimed the homestead or obtained decree for it in the divorce proceedings, cannot subsequently, in an independent suit, assert her right to homestead against the husband or his vendee.

Code construed: § 3810 (S.); § 2946 (M. & V.); § 2121*a* (T. & S.).

Cases cited: Joyce *v.* Tomlin, 3 Shan. Cas., 143; Rosenbaum *v.* Davis, 106 Tenn., 51.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. JOSEPH W. SNEED, Ch.

LUCKY, SANFORD & FOWLER, SANSON, WELCKER & PARKER and C. R. McILWAINE, for Moore.

CORNICK & CORNICK, for Ward.

BEARD, J. The complainant, the divorced wife of the defendant, Douglas Moore, seeks to recover as homestead a house and lot, which was his property, and sold as such under an execution levy,

during the existence of the marital relation, and at the sale purchased by the defendant, Ward, who, upon the expiration for the time for redemption, took a Sheriff's deed to it.

The record shows that, aside from some small lots of insignificant value and encumbered by vendor's liens to their full value, the defendant did not have, at the time of the levy and sale, nor has he had since, any other real estate, and that this was and is of less value than $1,000. It discloses further that, while this was improved property, it was not at any time occupied by complainant and her husband as a home.

Several years after the Sheriff's sale the complainant filed her bill in the Chancery Court of Knox County, within the jurisdiction of which both parties resided, praying a divorce from her husband upon the ground of the fault and misconduct of Douglas Moore, and subsequently a decree of absolute divorce was granted to her upon the ground alleged. In the pleadings in that cause there was a failure to raise the question of homestead and alimony, and the decree omitted all mention of them. The defendant, Moore, submitted to this decree, and it stands, in every respect, without modification.

After the decree for divorce was pronounced, the present bill was filed, to which her former husband and the purchaser, Ward, are made defendants, the sole purpose of which has already been indicated in the opening paragraph of this opinion. The ques-

tion then presented is, will complainant, at this late day and in this independent proceeding, be awarded this property as against the defendant, Ward? It will be observed that this is not a controversy between Douglas Moore and his co-defendant, in which the former is asserting a right to a homestead in this property as against the latter. How, in such litigation, the rights of the respective parties might be determined, is not intimated. The only question is the one above stated.

The contention of the complainant, through her learned solicitor, is that in the case made by her divorce bill, that the statute vested a right of homestead in her, which no omission on her own part in failing to claim, or in the Court granting the divorce in failing to adjudge, can deprive her of, and this right she can as well assert now as she might have done in the original proceedings. The statute upon which this claim is made is found in the Article of the Code entitled " Homestead," and is as follows: " If the head of the family is married and his wife obtain a divorce on account of his fault or misconduct, the title to the homestead shall be vested, by the decree of the Court granting the divorce, in the wife, and after her death it shall pass to the children." Code (Shannon), § 3810.

This is not a self-executing statute creating *ex vi termini* the right of homestead in the case provided for in the divorced wife. To accomplish this end the action of the Court is required. The statutory

right must be *vested* in her, but when and by what Court? By its express terms, by the Court granting the divorce, and in the cause in which it is granted. And there is no reason, so far as the present point is concerned, why a proceeding for divorce in a Chancery Court should not be controlled by the rule that relief cannot be granted outside. of and beyond the pleadings in the cause. So that, where the complaining wife fails altogether to allege that her husband is the owner of a homestead and pray that it be set apart to her, the Court granting the divorce, if not without right, certainly is under no obligation to force it upon her by its decree.

To such case we see no reason why the rule announced in *Joyce* v. *Tomlin*, 3 Shannon's Cases, 143, and referred to by McAlister, J., in the late case of *Rosenbaum* v. *Davis*, 106 Tenn., 51, should not apply. The syllabus in that case is as follows: "Where the creditors of a husband file a bill against him, his wife, and son to set aside a conveyance made by him to them, on the ground that it was voluntary, . . . and praying for a sale to pay their debts . . . and a decree is rendered . . . ordering the land sold, which was done . . . the wife being a party to the suit was bound to have interposed her claim for homestead, and not having done so, she is precluded from asserting any right to homestead.

In *Richolt* v. *Mubus* (N. Dak.), 1894, reported

Moore *v.* Ward.

in 23 L. R. A., 239, a question very similar to the one at bar was presented. It is true that there is dissimilarity in the North Dakota statute involved in that case, and the section of the Code set out above, in this, that the statute there provides that "the Court in rendering a decree for divorce *may* assign the homestead to the innocent party," etc., while the Code section is imperative that this *shall be done.* This however, it seems to us, does not deprive the holding of the Supreme Court of that State of authority in the present case. Under neither statute could the unfortunate wife be constrained to take a right which she did not claim, and under neither will the mere granting of a divorce, even on the ground of the husband's wrongdoing, *ipso facto*, destroy his right of property, or that of a third party who may, perchance, stand in his shoes, and vest it in the divorced wife. And we agree with that Court in its holding, "that where the decree in the divorce proceedings is silent upon the question, the homestead will, upon the dissolution of the marriage, remain in possession of the party holding the legal title thereto, discharged from all homestead rights or claims of the other party."

The result is that the decree of the Court of Chancery Appeals, reversing the Chancellor and dismissing complainant's bill, is affirmed.