MRS. ELLA KELLAR *et al. v.* J. T. KELLAR.

(*Jackson.* April Term, 1920.)

1. **HUSBAND AND WIFE.** Deed to husband and wife creates tenancy in common.

Tenancy by the entirety was abolished by Pub. Acts 1913, c. 26, emancipating married women, so that under a deed to husband and wife took as tenants in common. (*Post, p.* 525.)

Acts cited and construed: Acts 1913, ch. 26.

Case cited and approved: Gill v. McKinney, 140 Tenn., 549.

2. **HOMESTEAD:** None in land held by husband and wife in common

Homestead cannot exist in lands held by tenancy in common, though by husband and wife. (*Post, pp.* 525, 526.)

Cases cited and approved: Avans v. Everett, 71 Tenn., 76; J. I. Case Co. v. Joyce, 89 Tenn., 337.

---

FROM HARDEMAN.

---

Appeal from the Chancery Court of Hardeman County.—HON. J. W. Ross, Chancellor.

CHAS. A. MILLER, for appellant.

H. E. CARTER, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the children of D. A. Kellar to recover from his widow, Mrs. Ella Kellar, a one-half interest in a tract of land conveyed to D. A. Kellar, and his wife, Ella Kellar, July 8, 1915.

This deed was made while chapter 26 of the Acts of 1913 was in force. Under such a deed Kellar and wife took as tenants in common; tenancy by the entirety having been abolished by said statute as held in *Gill* v. *McKinney*, 140 Tenn., 549, 205 S. W., 416.

Mrs. Kellar was decreed by the chancellor to be entitled to dower in the one-half interest sought to be recovered herein, but he held that she was not entitled to homestead in such interest, and from this decree she has appealed.

We are asked in the first place to reconsider our holding in *Gill* v. *McKinney*, supra, to the effect that chapter 26 of the Acts of 1913 abolished tenancy by the entirety. This we must decline to do. *Gill* v. *McKinney*, supra, was fully considered, and the opinion was well reasoned, and we are satisfied that no other effect could be given to the aforesaid statute.

The case is then reduced to a single question. Can a homestead exist in land held as tenants in common by husband and wife?

We think this question under our authorities must be answered in the negative. A tenancy in common between husband and wife under chapter 26 of the Acts of 1913 is in no way different from such a tenancy between strangers, in so far as the homestead right is concerned.

Married women having been fully emancipated by the statute as pointed out in *Gill* v. *McKinney*, supra, they hold property free from any disability or any incapacity by reason of their marriage. Under such statute neither a married woman nor her husband owns anything in severalty in land conveyed to them as tenants

in common, any more than do other such tenants. Neither of them owns a specific portion of land capable of being set apart by metes and bounds prior to partition.

These things being true, the rule announced in our former cases that the interest of a tenant in common in lands is free from homestead must be here applied, even though the tenants in common happen to be husband and wife. The cases of *Avans* v. *Everett*, 3 Lea, 76, and of *J. I. Case Co.* v. *Joyce*, 89 Tenn., 337, 16 S. W., 147, 12 L. R. A. 519, establishing this rule as to homestead, having been adhered to and followed for more than thirty years, cannot now be disturbed. The soundness of the conclusion therein was vigorously combatted by a minority of the court. The argument of the appellant herein is quite similar to the argument of the dissenting opinion in *J. I. Case Co.* v. *Joyce*, supra. Such reasoning is strong, but was heretofore rejected by a majority of the court, and we feel bound by the rule previously established.

There is, therefore, no error in the decree of the chancellor, and it will be affirmed, with costs.