WALTERS *v.* WALTERS.

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

PRIDE TOMLINSON, JR., of Columbia, BEN WEST and HUGH C. HOWSER, both of Nashville, for plaintiff in error.

SHELTON & SHELTON, of Columbia, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

Certiorari has been granted and this case argued.

The case is a divorce proceedings wherein Gladys W. Walters obtained a divorce from D. Eston Walters upon the ground of cruel and inhuman treatment. She also sued for alimony. There was little personal property but they owned a farm in the Ninth Civil District of Maury County containing a hundred acres, more or less, as tenants by the entirety. The value of the farm was approximately $9,000.00. The Circuit Court found that they had both worked and had contributed about the same amount in paying for the farm. He decreed one-half of the farm to the complainant and the other half to the defendant.

■ Thereupon, the complainant petitioned the court that a homestead be set apart to her out of the property decreed the defendant and entered an order following Section 7719 of the Code, and appointed commissioners to set aside a homestead of the value of $1,000.00. These commissioners reported that the $1,000.00 homestead could not be set apart out of the homestead, or residence, and the court thereupon ordered the property sold and $1,000.00 to be paid into the court and the complainant to have the income from the $1,000.00 as long as she lived.

■ The complainant claims that under Code Section 7731 she was entitled to the homestead, no matter what its value, for her life and at her death to go to her children.

Section 7731 of the Code provides as follows: "If the head of a family is married, and his wife obtain a divorce on account of his fault or misconduct, the title to the homestead shall be vested, by the decree of the court granting the divorce, in the wife, and, after her death, it shall pass to their children."

The defendant insists that the homestead exemption is provided for in Section 7719 of the Code and is limited to $1,000.00. This has been the judicial interpretation of this section since its enactment. If the land does not exceed $1,000.00 in value, the homestead right will cover the whole of it. *Miller* v. *Fidelity Bankers Trust Co.*, 164 Tenn. 149, 46 S. W. (2d) 516.

The object of the statute, as well as of its language, demands this construction. *Jackson* v. *Shelton*, 89 Tenn. 82, 16 S. W. 142, 12 L. R. A. 514.

■ The homestead right is not a fee simple right to

the land but a right of occupancy. *Fauver* v. *Fleenor,* 81 Tenn. 622.

We think that both lower courts reached the proper conclusion, and in order to construe Section 7731 properly, it is necessary to read that section in connection with Section 7719 through Section 7735. Had the legislature intended to leave the homestead or dwelling place of the parties to the divorced wife, regardless of value, it could have so stated. Both Section 7719 and Section 7731 are in the same Act of the Legislature of 1870. All of the sections referred to above used the word "homestead" just as this word is used in Section 7719, which provides for a $1,000.00 homestead.

It is contended by the complainant that Section 7719 is an exemption in favor of a judgment debtor against his creditors, while Section 7731 is a "homestead" rather than an "exemption." But, as we have stated, the sections to which we have referred should be read together and when so read, the word "homestead" in Section 7731 has the same meaning as it does in Section 7719.

It results, therefore, that we think the finding of the Court of Appeals is correct and its judgment is affirmed.

TOMLINSON, Justice, not participating.