648

JOHN PRICHARD

*v.*

B. D. CARTER et al.

(*Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

Daniel E. Seay, Jr., Lebanon, for appellant.

H. B. McGinness, Carthage, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

This is an appeal by complainant Prichard from the decree sustaining the demurrer of Carter and wife to Prichard's ejectment bill.

Prichard was the husband of Roxie Prichard by marriage consummated in 1901. Mrs. Carter, appellee, is a daughter of that marriage. Mrs. Prichard was awarded a divorce from John Prichard in 1940. In the divorce decree she was vested, and he was divested, of a certain interest or estate in a five-ace tract of land occupied by them and their children as their home. From the time of the divorce in 1940 Mrs. Prichard remained in possession and control of this realty until her death in 1953. Her daughter, the appellee, and husband have continuously since been in possession. This ejectment suit against them was instituted in September, 1960.

The extent of the vestiture and divestiture of title is the issue in this case. That question is resolved by a decision as to what is the proper construction of that portion of the divorce decree dealing with this realty.

Mr. and Mrs. Prichard's common source of title is the April 1914 deed of J. C. Prichard and wife. The granting clause thereof is:

"have this day bargained and sold and do hereby bargain, sell, transfer and convey unto the said John Prichard and wife Roxy Prichard for and during their natural lives and at the death of both of them to their issue, that is, the issue of their sole marriage, a certain tract or parcel of land, situated in civil district No. 9, of Smith County, Tennessee, and bounded as follows, towit:"

Then follows a minute description of the five-acre tract.

The habendum is:

"To have and to hold the same to the said John Prichard and wife Roxy Prichard for and during their

natural lives, and at the death of each of them to their joint heirs and assigns forever."

■ The foregoing deed creates a joint tenancy for life in Mr. and Mrs. Prichard for their joint lives with a life estate therein to the survivor, with remainder to "the issue" of their marriage. Such joint tenancy with right of survivorship may be created by deed. *McLeroy v. McLeroy,* 163 Tenn. 124, 40 S.W.2d 1027. *Runions v. Runions,* 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242. The title so remained until the divorce decree in 1940.

Mrs. Prichard's bill for divorce alleged that the parties "are owners of a life estate in and to the following described property, to-wit". Her bill then describes the five-acre tract conveyed by the 1914 deed. The prayer of her bill is "that alimony be decreed her including the homestead herein described and all the personal property on it and in the house".

That part of the divorce decree responsive to the foregoing prayer is this:

"It is further ordered, adjudged and decreed that the title to the homestead which is now held jointly by the parties, as life tenants, be and the same is divested out of the defendant, John Prichard and vested in complainant, Roxie Cowan Prichard. Said homestead being located in the village of Lancaster, 9th civil district of Smith County, Tennessee, and being bounded on the north by H. C. Lancaster; South by Ed Prichard; East by Edgar Robinson; West by Smith Fork Creek, containing approximately 5 acres, more or less, and shown by the proof to be worth approximately $1,000.00; that complainant be decreed all the household and kitchen furniture in the family residence

on said homestead, together with all other items of personal property located on said homestead, excepting the following items * * *."

Mr. Prichard's ejectment bill alleges that he has been entitled to the exclusive possession of this land since the death of his wife in 1953, but has been unable to procure its possession from the defendants. Its prayer is that he be awarded its possession. The divorce bill and decree were made exhibits to, and a part of, this bill.

Mrs. Carter's demurrer is that the bill, these exhibits being a part thereof,

"shows that complainant's entire interest and estate in said land, including his right and estate of survivorship therein, was by said divorce decree divested out of him and vested in the said Roxy Prichard, who thus died (on the date alleged in the bill) the owner of an estate for the life of complainant in said land, her such estate descending upon her death to her heirs at law."

It is the contention of Mr. Prichard that the only estate of the husband attempted to be, or that was, decreed the wife in this property is the homestead referred to in T.C.A. sec. 36-824.

■ T.C.A. sec. 36-824 deals with "Transfer of title to homestead when wife obtains divorce". This code section has reference to the constitutionally required homestead defined by T.C.A. sec. 26-301. *Walters v. Walters,* 192 Tenn. 392, 241 S.W.2d 503. That statutory homestead is the $1,000 homestead vested in the husband during marriage. *Turner Bros. v. Argo & Co.,* 89 Tenn. 443, 14 S.W. 930.

The insistence, therefore, of Prichard is that the word "homestead" as used in the divorce decree, when properly construed, means the $1,000 homestead vested in the husband during the marriage; hence, that the only part of his interest in this land of which he was divested, and his wife vested, by the divorce decree was such part of his life estate in this land as constituted the $1,000 statutory homestead. Proceeding from this premise, his insistence is that upon the death of his wife, and the termination thereby of this statutory homestead, he became entitled to possession for the balance of his life of the five acres conveyed by the 1914 deed. The point made by the demurrer is that the divorce decree divested Prichard of his entire life estate, including survivorship, in the five acres described in the 1914 deed.

■■ Appellant's foregoing construction of the word "homestead", as used in the divorce decree, is contrary to the law as to the existence of a homestead by a husband in land which he and his wife hold as joint tenants for life with a life estate continuing therein for the life of the survivor of the two. As to the statutory homestead, it is "the homestead which our law contemplates is a specific parcel of land owned by him, and capable not of being partitioned in a suit in court, but of being partitioned and set apart by metes and bounds by the three freeholders summoned by the levying officer." *J. I. Case Company v. Joyce*, 89 Tenn. 337, 345, 16 S. W. 147, 148, 12 L.R.A. 519. Prichard never owned, and legally could not, a statutory homestead in this five-acre tract, the title in him and his wife being what it was.

Under the 1914 deed Mr. and Mrs. Prichard were each entitled to occupy for his or her life the entire tract of

land described in that deed. Such was the legal effect of this conveyance to them as joint tenants. Neither was entitled to the occupation of a specific portion of that land to the exclusion of the other. So, Mr. Prichard owned no specific parcel in this tract capable of being set apart as a statutory homestead by metes and bounds. To repeat, the status of the title was wholly repugnant to the legal concept of the statutory homestead which Mr. Prichard's brief says the Court had in mind in the wording of the 1940 divorce decree.

Upon this feature of the case, as suggested by the Chancellor, the Court in its 1940 decree ought not be presumed, if it can be sensibly avoided, to have used the word "homestead", in a sense wholly repugnant in law to the definition of the statutory homestead as applied to the husband and wife title with which the Court was dealing in its 1940 divorce decree.

In dealing with the nature of this statutory homestead, *Kellar v. Kellar,* 142 Tenn. 524, 525-526, 221 S.W. 189, 190, adjudged:

"Under such statute neither a married woman nor her husband owns anything in severalty in land conveyed to them as tenants in common, any more than do other such tenants. Neither of them owns a specific portion of land capable of being set apart by metes and bounds prior to partition.

"These things being true, the rule announced in our former cases that the interest of a tenant in common in lands is free from homestead must be here applied, even though the tenants in common happen to be husband and wife."

By the same token, the interest of husband and wife as joint tenants for life with survivorship for life is necessarily free from the statutory homestead.

There clearly appearing that which is not the proper interpretation of the word "homestead", as used in the 1940 decree, consideration of this appeal is probably faced, possibly with the opinion not being guilty of dictum, with the duty, or at least the propriety, of determining just what the word "homestead," as used in the 1940 decree, did mean.

■ The answer to this question seems to be made obvious in that immediately subsequent sentence of the 1940 decree providing this:

"Said homestead being located in the village of Lancaster, 9th civil district of Smith County, Tennessee and being bounded * * *." Then follows minute description of the five acres.

In the light of all this, the Court is compelled to conclude that it is an unwarranted "play upon phraseology" to ascribe to the word "homestead", as used in this decree, any other meaning than that it meant the five acres upon which the couple and their children lived during their married lives.

The Chancellor so concluded in a well stated opinion, and this Court is not able to perceive how he could have otherwise concluded, notwithstanding a rather well thought out argument in behalf of appellant.

■ The Chancellor's conclusion was that the divorce decree of 1940 divested Prichard of the life estate conveyed to him by the 1914 deed, including his right or

estate of survivorship for life in the real estate involved and vested all of the same in his wife; hence, he has no title. Accordingly, he sustained the demurrer so asserting. This Court is in agreement therewith.

The Court thinks it appropriate to notice, without being guilty of flattery, that its work in this case has been made such less difficult by the well-prepared, straightforward briefs submitted in behalf of the respective litigants and the well-considered opinion of the Chancellor. For this, the Court is properly grateful.

Affirmed with costs of appeal taxed to appellant and the surety on his appeal bond.