**In re Katherine Hart SIVLEY, Debtor.**

**Bankruptcy No. 1–80–01118.**

United States Bankruptcy Court,
E. D. Tennessee.

Oct. 28, 1981.

Mark J. Mayfield and Arthur C. Grisham, Jr., Chattanooga, Tenn., for City Finance Co.

Flossie Weill, Chattanooga, Tenn., Trustee, pro se.

J. Estes Cocke, Chattanooga, Tenn., for debtor.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The question in this proceeding is whether the debtor, Mrs. Sivley, is entitled to a homestead exemption in a house and lot or its proceeds. When she filed her bankruptcy petition and claimed the exemption, Mrs. Sivley and her husband owned the property as tenants by the entirety. He was living in the house, but she was not.

Shortly after bankruptcy Mrs. Sivley was granted a divorce, which made her and her ex-husband tenants in common in the property. A creditor and the bankruptcy trustee object to Mrs. Sivley's homestead exemption.

The court finds the facts as follows.

Mr. and Mrs. Sivley bought the house and lot in 1979. The purchase money lender took a deed of trust to secure payment of the loan. It is not disputed that on the date of bankruptcy Mr. and Mrs. Sivley were tenants by the entirety in the property.

Mrs. Sivley left the house late in April, 1980, after an argument with her husband. He threatened violence if she attempted to get possession of the house.

Less than a month later, Mrs. Sivley filed a complaint for a divorce on the ground of cruel and inhuman treatment. No judgment or decree of divorce had been entered when Mrs. Sivley filed her petition in bankruptcy.

In her bankruptcy petition she claimed a homestead exemption in the house and lot, which according to her schedules were worth considerably more than the mortgage debt.

Three weeks after bankruptcy, Mrs. Sivley was granted an absolute divorce from her husband. The divorce decree provided:

No disposition is made at this time of the parties' homeplace . . . . In the event that this property is sold, the proceeds shall be equally divided between the plaintiff and the defendant, and the parties are hereby declared to be tenants in common in said property.

After the divorce, Mrs. Sivley testified that the house was vacant. Her ex-husband had moved out and put the house up for sale. She also testified that she did not intend to live there ever again.

The parties agreed for the property to be sold. Mr. Sivley has been paid one-half of the net proceeds. The sale price was not much more than the mortgage debt. The trustee holds the small balance subject to this litigation.

### Discussion

At the time of Mrs. Sivley's bankruptcy, Tennessee had opted out of the exemption scheme provided in the Bankruptcy Code. See 11 U.S.C. § 522(b); Tenn.Code Ann. § 26–2–112. Mrs. Sivley could claim the exemptions available under the Tennessee

statutes at the time of her bankruptcy. She could also claim the exemption provided by Tennessee common law and Bankruptcy Code § 522(b)(2)(B). As explained in other decisions, Tennessee common law and § 522(b)(2)(B) mean that when only one spouse is in bankruptcy, then her interest in entirety property is exempt, except for her right of survivorship. *In re Shaw*, 5 B.R. 107, 6 B.C.D. 651, 2 C.B.C.2d 599 (Bkrtcy., Ct. M.D.Tenn.1980) (*Waldschmidt v. Shaw*); *In re Dawson*, 10 B.R. 680, 7 B.C.D. 603 (Bkrtcy., Ct. E.D.Tenn.1981) (*Ray v. Dawson*). Nevertheless, it is important to claim the homestead exemption.

The problem in this case arose because of Mrs. Sivley's divorce. The bankruptcy law provides that the commencement of a case creates an estate that includes:

> (5) An interest in property that would have been property of the estate, if such interest had been an interest of the debtor on the date of filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after [filing]—
>
> ....
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree ....

11 U.S.C. § 541(a)(5)(B).

If Mrs. Sivley had been a tenant in common at the time of her bankruptcy, her interest as such would have become property of the bankruptcy estate, because the estate includes "all legal or equitable interests of the debtor in property". 11 U.S.C. § 541(a)(1). Therefore, Mrs. Sivley's interest as a tenant in common came into the estate as a result of the divorce within 180 days after bankruptcy.

There are two questions. First, was Mrs. Sivley entitled to a homestead exemption at the time of filing, and second, what was the effect of her divorce after filing?

### 1

When Mrs. Sivley filed her bankruptcy petition, the Tennessee homestead exemption statute provided:

> (a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed ... ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which ... shall not exceed ... ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding. Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed then said individual's homestead exemption shall be ... ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual ...
>
> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

Tenn.Code Ann. § 26–2–301.

Prior to the 1978 amendments, the Tennessee Constitution and statutes provided a homestead exemption in real property belonging to the head of a family. Tenn. Const. Art. XI, § 11; Tenn.Code Ann., Vol. 1 (1956); Tenn.Code Ann. § 26–301 (1956). The 1978 amendments changed the constitutional provision so that a homestead exemption of at least $5,000 must be provided but on terms set by the legislature. Tenn. Const. Art. XI, § 11; Tenn.Code Ann., Vol. 1 (1980).

The legislature broadened the class of persons entitled to the homestead exemption by dropping the "head of a family" requirement. But the new statute narrowed the kinds of property which can be exempt by imposing the requirement that the property be used as a principal place of residence. Formerly, the debtor did not

have to occupy the property as a residence. See *Moses v. Groner*, 106 Tenn. 121, 60 S.W. 497 (1900); *Dickinson v. Mayer*, 58 Tenn. 515 (1872); *First National Bank v. Meachem*, 36 S.W. 724 (Tenn.Ch.App.1896). It is the residency requirement that raises the first question as to Mrs. Sivley's rights at the time of her bankruptcy.

The residency requirement defines homestead more strictly than it has been defined in over a century. It is a return to the earlier concept of a homestead as a residence. Cf. *Dickinson v. Mayer*, 58 Tenn. 515 (1872); See Comment, Homestead in Tennessee, 25 Tenn.L.Rev. 261, 267 (1958). The deletion of the head of a family requirement and the addition of the residency requirement show a clear legislative intent. The exemption is meant to protect the home of any person who owns one;[1] the exemption is no longer an exemption for any real estate. See Tenn.Code Ann. § 26–301 (1956).

With that in mind, the court must follow the usual rule that an exemption statute is to be liberally construed to carry out its purpose. See, e. g., *White v. Fulghum*, 87 Tenn. 281, 10 S.W. 501 (1888); *Webb v. Brandon*, 51 Tenn. 285 (1871).

▮ A "principal place of residence" is not necessarily where the debtor lives when the exemption is claimed. The debtor may be away from home. What is the debtor's principal residence depends both on the debtor's use and intent. When Mrs. Sivley left the house, she did not intend to return and make it her home. It was no longer her "principal place of residence."

▮ It can be argued that Mrs. Sivley should not be denied a homestead exemption because she decided not to return after being forced from the home. Cf. *Hinds v. Buck*, 177 Tenn. 444, 150 S.W.2d 1071 (1941); *Collins v. Boyett*, 87 Tenn. 334, 10 S.W. 512 (1889); *Prater v. Prater*, 87 Tenn. 78, 87, 9 S.W. 361 (1888); *Henry v. Wilson*, 77 Tenn. 176 (1882); *Gray v. Baird*, 72 Tenn. 212 (1879); *Roach v. Hacker*, 70

Tenn. 633 (1879). The exemption, however, is relevant when the claims of creditors may cause a debtor to lose her home. If domestic troubles have already caused a wife to leave her home and she no longer desires to live there, that is a concern for the divorce court. In a suit by creditors it makes no difference why she decided to abandon her home. The house is no longer her principal place of residence.

Of course, a debtor is entitled to a homestead exemption in property used by her spouse as a principal place of residence. Mr. Sivley was living in the house at the time of bankruptcy and was still Mrs. Sivley's spouse. It is not clear what situations the statute was meant to cover, but it fits this case. At the time of her bankruptcy Mrs. Sivley's "spouse" used the house as his principal place of residence. His later abandonment does not mean the house wasn't his principal residence at the time of bankruptcy.

There is one other prerequisite to Mrs. Sivley's right to the homestead exemption at the time of her bankruptcy. The statute allows the exemption in property owned by the debtor. Under prior statutes the exemption was allowed in property belonging to the head of a family, but the Tennessee Supreme Court held that the exemption depended on the type of ownership. A tenant in common was not entitled to the exemption unless the property had already been partitioned. *Kellar v. Kellar*, 142 Tenn. 524, 221 S.W. 189 (1920); *Meacham v. Meacham*, 91 Tenn. 532, 19 S.W. 757 (1892); *J. I. Case Company v. Joyce*, 89 Tenn. 337, 16 S.W. 147 (1890); *Avans v. Everett*, 71 Tenn. 76 (1879). A joint tenant was not entitled to the exemption, but a tenant by the entirety was. Compare *Prichard v. Carter*, 208 Tenn. 648, 348 S.W.2d 306 (1960) and *Jackson, Orr & Co. v. Shelton*, 89 Tenn. 82, 16 S.W. 142 (1890).

As can be seen from the limitations on value, the present statute contemplates that joint owners will be entitled to the exemption. That clearly recognizes the estab-

---

1. The exemption is only for real property owned by a debtor. As to what "real property" includes, see Tenn.Code Ann. §§ 26–2–302—2–305.

lished rule that entirety property is subject to the homestead exemption.

The property was subject to the exemption, and the other requirements of the statute were met at the time of Mrs. Sivley's bankruptcy. She was entitled to a homestead exemption then.

### 2

The divorce changed the facts on which Mrs. Sivley's right to the homestead exemption was based. She became a tenant in common, and the house was no longer occupied by her spouse.

Under prior exemption statutes, a debtor was not entitled to a homestead exemption in property that she owned as a tenant in common, unless some part had already been set aside as hers. See cases cited page 908.

There was another situation in which a tenant in common had a homestead exemption in the property. Divorce necessarily ends a tenancy by the entirety. It makes the former husband and wife equal tenants in common. *Hopson v. Fowlkes*, 92 Tenn. 697, 23 S.W. 55 (1893). A statute required the divorce court to award the pre-divorce exemption to the wife if she obtained the divorce because of the husband's fault or misconduct. Tenn.Code Ann. § 36–824 (1955). Thus, the wife could have a homestead exemption in the property even though she was a tenant in common. Cf. *Jackson, Orr & Co. v. Shelton*, 89 Tenn. 82, 16 S.W. 142 (1890).

Failure to award the wife the pre-divorce exemption could deprive her of any exemption by making her a tenant in common or otherwise removing the property from the coverage of the statute. Cf. *Chapman v. Tipton*, 200 Tenn. 237, 292 S.W.2d 25 (1956); *Carey v. Carey*, 163 Tenn. 486, 43 S.W.2d 498 (1931); *Wilkey v. Wilkey*, 130 Tenn. 430, 171 S.W. 78 (1914); *Moore v. Ward*, 107 Tenn. 731, 64 S.W. 1087 (1901); *Jackson, Orr & Co. v. Shelton*, 89 Tenn. 82, 16 S.W. 142 (1890); *Collier v. Latimer*, 67 Tenn. 420 (1874).

The divorce statute was amended so that it applies to whichever party, the husband or the wife, is the plaintiff.

> If the defendant spouse is the head of the family, and the plaintiff obtains a divorce on account of fault or misconduct, the title to the homestead shall be vested, by the decree of the court granting the divorce, in the plaintiff, and after the plaintiff's death, it shall pass to the children.

Tenn.Code Ann. § 36–824.[2]

The objectors argue that the failure of the divorce decree to award Mrs. Sivley the pre-divorce exemption deprived her of any exemption because she was not entitled to an exemption based on the facts after her divorce. She was a tenant in common, and the house was no longer occupied by her spouse, even if Mr. Sivley still lived there.

The recent changes in the exemption statute may have negated the rule that a tenant in common cannot have a homestead exemption unless the property has been partitioned.[3] Changes in the homestead exemption statute probably have removed the original reason behind the divorce statute that requires the divorce court to award the exemption to the successful plaintiff if the defendant is the "head of the family".[4]

---

**2.** Homestead in the statute has been held to mean the homestead exemption. *Prichard v. Carter*, 208 Tenn. 648, 348 S.W.2d 306 (1960); *Walters v. Walters*, 192 Tenn. 392, 241 S.W.2d 503 (1951).

**3.** The rule is based on the requirement that the property be such that the homestead can be set aside by metes and bounds. Tenn.Code Ann. § 26–2–308; cases cited p. 908. Such a requirement is particularly inappropriate under a statute allowing the exemption only in a debtor's principal place of residence. Furthermore, the exemption statute recognizes the right to

exempt jointly owned property, without restricting it to entirety property.

**4.** Apparently the statute was meant to protect the wife from loss of the exemption as a result of the end of the relationship with head of the family. The exemption under the new statute is in property belonging to any debtor, rather than in property belonging to the head of a family.

The decree of the pre-divorce exemption to the wife could save it from loss because of other factual changes brought about by di-

The court need not decide those questions. Mrs. Sivley lost her right to the exemption only if it depends on the facts at the time of or after her divorce.

The general rule is that the debtor's exemptions are determined as of the time of filing. 11 U.S.C. § 522(b). The bankruptcy estate is created at the time of filing and is comprised of the debtor's legal and equitable interests in property at that time and certain interests acquired after filing. 11 U.S.C. § 541(a). Filing also has the effect of a levy of execution on the debtor's property, and exemptions are a protection against levy and execution. 11 U.S.C. § 544(a); Tenn.Code Ann. §§ 26–2–102, 26–2–105, 26–2–110, 26–2–111, 26–2–301; *Myers v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943). Furthermore, after filing, unsecured creditors generally cannot improve their rights against the debtor's or the estate's property. 11 U.S.C. § 362(a); but see 11 U.S.C. §§ 546(b) and 547(e)(2). Thus, the facts at the time of filing usually control the debtor's right to exempt property of the estate.

There are problems with applying the general rule to property in which the debtor and the estate acquire an interest after filing.

It is first necessary to understand how exemptions in bankruptcy work. The filing of a bankruptcy petition creates a bankruptcy estate. "Property of the estate" includes not only the debtor's interests in property at the time of filing but also, as in this case, certain after-acquired interests in property. 11 U.S.C. § 541(a). The trustee in bankruptcy is the representative of the estate and as such acquires the debtor's rights in the property. The trustee also has certain powers that the debtor does not have. 11 U.S.C. §§ 323, 363, & § 541(a)(3) and sections to which it refers. The trustee's task is to administer the property of the estate for the benefit of creditors. In a chapter 7 case, that means liquidating the

non-exempt, lien-free property and paying the proceeds to unsecured creditors. 11 U.S.C. §§ 704(1) & 721–726. By exempting property, the debtor takes it out of the bankruptcy estate so that she can keep it for her own benefit. See generally 4 Collier on Bankruptcy ¶ 541.02[3] (15th ed. 1979).

It should be clear that a debtor's exemptions are exemptions out of property of the estate. The argument is that exemption rights in after-acquired interests must depend on the facts when they are acquired—after filing. In other words, the debtor cannot exempt property of the estate until it becomes property of the estate.[5]

The argument has merit and is supported by the statute. It may be correct for cases in which the debtor had no interest in the property at the time of filing. Generally that will be cases involving inherited property. In such cases there would be little conflict between the general rule and the rule argued for, since, based on facts at the time of filing, the debtor could not have exempted the property. In this case there is a conflict.

The court thinks Mrs. Sivley's exemption rights at the time of her bankruptcy cannot be ignored. Of course, it can be argued that the court's thinking is wrong. The estate ended up with Mrs. Sivley's interest as a tenant in common. The estate no longer had the tenancy by the entirety interest that it originally acquired. How could Mrs. Sivley's exemption rights in that interest be relevant to her exemption rights in the interest the estate has?

Part of the answer is that Mrs. Sivley's exemption was in the house and lot, not in her interest as a tenant by the entirety. The right to an exemption may depend on the debtor's having an ownership interest that will allow the exemption. That is illustrated by the Tennessee cases denying a homestead exemption in jointly owned

vorce, but the statute apparently was not meant for that purpose.

**5.** The statute provides that the estate is created at the time of filing and includes the interest

acquired by the debtor after filing as the result of a divorce. It is not clear what that means to this case.

property. But the homestead exemption is in specific property as a thing, not as an interest.

■ It is also settled that the bankruptcy estate does not acquire a debtor's interest in property free of all the conditions under which the debtor holds the property. See *In re Paderewski*, 564 F.2d 1353 (9th Cir. 1977) [6]; 4 Collier on Bankruptcy ¶ 541.01 (15th ed. 1979). But see § 541(b), (c), & (d). Surely the rule applies to any property interest acquired by the estate, whether acquired at the time of filing or afterward.

■ The court concludes that Mrs. Sivley's interest in the property as a tenant in common came into the estate after her homestead exemption in the property was fixed at the time of filing. That result gives due regard to the general rule that a debtor's exemption rights are determined on the basis of the facts at the time of filing.

In view of the court's conclusion, the changes brought about by the divorce and the divorce court's failure to award Mrs. Sivley her pre-divorce exemption make no difference to her right to the exemption. The only way in which her exemption rights were changed was that she lost the exemption given by § 522(b)(2)(B) of the Bankruptcy Code.

The court is not saying that § 541(a)(5) will never benefit a bankruptcy estate by bringing in a more marketable interest in the property. The estate will be benefited if that interest is worth more than whatever exemption the debtor was entitled to at the time of filing or is entitled to when the new interest comes into the estate. Furthermore, as in this case, the change in the debtor's interest may take away the greater "exemption" given by § 522(b)(2)(B).

Furthermore, the court should not hold that the divorce decree deprived Mrs. Sivley of her pre-divorce exemption if the divorce court did not intend it. All the decree did was declare that Mr. and Mrs. Sivley were equal tenants in common. That would have been its effect if the property had not been

mentioned. The court reserved any further decision as to the property. Except for making the parties tenants in common, the decree did not disturb their rights, including Mrs. Sivley's right to a homestead exemption.

Finally the court must consider the effect of the trustee's "avoiding powers". They give the trustee greater rights in the debtor's property than the debtor has.

Under § 544(a)(3) of the Bankruptcy Code, the trustee has the rights as of the time of filing of a bona fide purchaser of real property from the debtor. But that section properly applies when a transfer is in question. Furthermore, Mrs. Sivley could not have defeated her homestead exemption at the time of filing by transferring the property to a bona fide purchaser. Tenn.Code Ann. § 26–2–301(b) (above); *Shaw v. Woodruff*, 156 Tenn. 529, 3 S.W.2d 167 (1928); *Mitchell v. Denny*, 129 Tenn. 366, 164 S.W. 1140 (1913); *Mash v. Russell*, 69 Tenn. 543 (1878).

Under § 544(a)(1) the trustee has the rights, as of the time of filing, of a judgment lien creditor of the debtor. Section 544(a) does not specifically apply to this situation but only to the facts at the time of filing. Furthermore, it appears that § 541(a)(5) controls as to property coming into the estate by reason of a divorce after filing. 4A Collier on Bankruptcy ¶ 70.17, note 39 at 184 (14th ed. 1975). Therefore, it is not clear whether the trustee can use state statutes providing that a judgment lien attaches to an interest acquired by the debtor after the lien originally attached. Tenn.Code Ann. §§ 25–5–101(a) & 25–5–105.

Even if the trustee has the benefit of such statutes, they may not deprive the debtor of the exemption. In one case the wife had the benefit of the exemption when the divorce court awarded it to her after creditors had brought a suit to reach the property. *Jackson, Orr & Company v. Shelton*, 89 Tenn. 82, 16 S.W. 142 (1890). This is essentially the same situation except the

---

**6.** This case was decided under the Bankruptcy Act of 1898.

court has concluded that the divorce court did not have to award Mrs. Sivley the exemption in order for her to have it after the divorce.

*Conclusion*

The court concludes that Mrs. Sivley is entitled to the homestead exemption to which she was entitled at the time of filing. Her right to the exemption was fixed at the time of filing and was not affected by the changes brought about by Mrs. Sivley's divorce, even though it brought another, different interest into the bankruptcy estate. Accordingly, the trustee will be ordered to pay to Mrs. Sivley her share of the proceeds from the sale of the house and lot.

This memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.