WM. LUNSFORD *et al. v.* J. W. JARRETT *et al.*

DOWER. *Entitled to, When.* A widow is entitled to dower in land contracted to be sold by the husband in his lifetime, if, after his death, the contract be rescinded on account of a defect in the vendor's title to the land.

### FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

STEELE & STEELE for complainants.

JAMES OLDHAM for defendants.

COOPER, J., delivered the opinion of the court.

In March, 1872, Samuel A. Thompson, being the owner of the land in controversy, sold it to W. F. Greaves, executing to him a bond to make him a title upon payment of the purchase money. In June,

1874, Thompson died intestate, leaving a widow and several children, and defendant, J. W. Jarrett, qualified as administrator of his estate. On May 12, 1875, the complainants, as creditors of the intestate and upon a suggestion of the insolvency of the estate, filed the original bill in this cause against the administrator, widow and children of the intestate, to administer the estate as insolvent. Such proceedings were had in the cause that the debts were ascertained, an account of the personal assets had, dower in the lands allotted to the widow, and the residue of the land sold to pay debts. After exhausting the proceeds of the lands and the personal assets except the debt due from W. F. Greaves as above, there remains an unsatisfied balance of debt due the complainants of several thousand dollars.

At the death of Thompson, Greaves owed him of the purchase money of the land first above mentioned about $1,200, having made one payment of $200 on the first of his notes. Jarrett, as administrator of Thompson, recovered judgments for the balance of said purchase money before a justice, and, on March 25, 1876, filed his bill against Greaves, and the widow and children of Thompson, to enforce the vendor's lien. Greaves answered, and filed his answer as a cross-bill to rescind the contract of sale on account of a defect in the title of the land. Such proceedings were had in this cause that in November, 1877, a decree was made, by consent of the parties to the suit, divesting the title of said lands out of Greaves, and vesting it in the children of

13—VOL. 11.

the intestate by name. Thereupon the complainants in the cause now before us filed an amended and supplemental bill against the administrator, widow and heirs of the intestate, to subject the land thus recovered to the satisfaction of the balance of debt due them from the intestate's estate. The widow answered, admitting the facts to be true as charged in the amended bill, and claiming dower in the land specified, the same not having been included in the former allotment of dower. It was agreed that her answer might be taken also as a cross bill for dower. The amended bill was taken for confessed against the other defendants. The chancellor gave the widow dower, and the creditors appealed.

The claim of the widow to dower in this State is not regulated by the common law but by statute. The Code, sec 2398, is: "If any person die intestate, leaving a widow, she shall be entitled to dower in one-third part of all the land of which her husband died seized and possessed, or of which he was equitable owner." The seizin here meant is legal seizin in the sense of the common law, and to be "possessed," the party must have at least a legal right to possession: *Apple* v. *Apple*, 1 Head, 348; *Tipton* v. *Davis*, 5 Hayw., 278. A widow is therefore not endowable of an estate in remainder, because the husband was never seized and possessed: 1 Head, 348. Nor of land of which another person had, under a parol gift from the husband, acquired a possessory right by an adverse possession of more than twenty years, for the husband's right of possession

was barred at the time of his death: *Keys* v. *Keys*, 11 Heis., 425. Nor to land levied on by execution against the husband and sold before his death, although by reason of the failure of the sheriff to make a deed to the purchaser the legal title remain in the husband, because the husband was not "seized" of the land at his death: *Rose* v. *Rose*, 6 Heis., 533. Nor, for the same reason, in land, the legal title to which may be in the husband, but the beneficial interest in infant children whose money was used in its purchase: *Gannaway* v. *Tarpley*, 194. Nor in land covenanted by title bond or other valid contract to be sold and conveyed by the husband to a third person: *Gass* v. *Hawkins*, Thomp. Cas., 238, 245.

After a contract of sale of land has been entered into, the vendor is from that time considered in equity to be the trustee of the purchaser, and the vendee, as to the equivalent which he is to give for the thing purchased, a trustee for the seller. The land contracted to be purchased will, upon the death of either of the parties to the contract, belong to the same persons who would have been entitled to it had a conveyance of the estate been executed. Consequently, upon the death of the vendor before the execution of the conveyance, although the legal title in the land devolves upon the heir, yet his executor or administrator will be entitled to receive the purchase money: *Stephenson* v. *Yandle*, 3 Hayw., 109; *Irvine* v. *Muse*, 10 Heis., 477. And the vendor, holding the title as a conduit through whom it

is to be conveyed, has not such a seizin as will entitle the widow to dower.

In view of these principles, and treating the sale in the case before us as valid, it is clear that upon the death of Thompson intestate the naked legal title to the land in controversy descended to his children for the benefit of the vendee, the right to receive the purchase money went to the administrator, and the widow was not entitled to dower. The rights of all parties became fixed at the moment of intestate's death: *Wilkins* v. *Frierson*, 2 Sneed, 701, 710. If, however, the contract of sale was not what it purported to be, the result might be different. A deed in form absolute, but in reality only intended as a mortgage, would not deprive the widow of dower: *Turbeville* v. *Gibson*, 5 Heis., 565. A contract or conveyance absolutely void would be equally inefficacious to deprive the widow of dower. So, if for any reason either party could rescind the contract, and elected so to do; for it would then cease to be a contract. The contract of sale in the case before us was what it purported to be, and was not void *in toto*. And the question is, what effect did the proceedings subsequent to the death of the vendor have on the right of dower?

A purchaser in possession under a title bond or covenant to convey is not required to complete the purchase and accept a conveyance unless the title can be made according to the vendor's contract: *Topp* v. *White*, 12 Heis., 167. He may, however, elect to retain the land and have an abatement of price

to the extent of the value of the deficiency: *Moses*
v. *Wallace,* 7 Lea, 419. In the suit instituted by
the administrator to enforce the vendor's lien, and to
which the widow and heirs were parties, the vendee
elected to rescind on account of a defect in the title
of the vendor to the land, and filed a cross-bill for
the purpose of obtaining the relief. If it had been
successfully prosecuted, the beneficial interest in the
land would have reverted to the estate, and by the
doctrine of relation would date back to the time
when the contract was entered into. The rights of
the parties would then be as if no such contract had
ever ben made. The suit was not prosecuted to a
final decree by the court upon its merits, but was
terminated by a consent decree divesting the title of
the land out of the purchaser and vesting it in the
heirs of the vendor. The action of the parties is
equivocal as exhibited in this record. It may be
treated as a compromise of a doubtful litigation in
which no concession is made on either side. In
that view, something more would be required than
appears to show that the purchaser was entitled to
a recission, and the rights of the parties interested
in the intestate's estate would stand as at his death.
On the other hand, what was done may be treated
as a concession by the administrator that the pur-
chaser was entitled to a recission for a defect of title
in the vendor, and his consent to vest the interest
of the purchaser in the heirs is very persuasive of
this view. If he was only compromising as admin-
istrator, he would have insisted upon a sale of the

land under his amended bill, waiving only a personal recovery of any balance of debt against the purchaser. The chancellor adopted the view that the agreed decree was in effect a recission, and there is not enough in the record looking in another direction to induce us to change the ruling. The complainants have, by the form of their amended bill, adopted the act of the administrator, and must abide his fate.

The chancellor's decree will be affirmed with costs, the costs to be reimbursed the appellants out of the fund in court.