Adcock *v.* Adcock.

ADCOCK *v.* ADCOCK.

(*Nashville.* March 20, 1900.)

HOMESTEAD. *Does not attach to undivided interests.*

Homestead does not attach to an undivided interest in land.

Cases cited: J. I. Case Co. *v.* Joyce, 89 Tenn., 337; Briscoe *v.* Vaughn, 103 Tenn., 308.

FROM DEKALB.

Appeal from Chancery Court of DeKalb County. T. J. FISHER, Ch.

WADE SPARKMAN and WEBB, CANTRELL & FOSTER for W. H. Adcock.

A. AVANT for E. Adcock.

BEARD, J. The only question necessary for consideration in these causes arises upon the decree of the Court of Chancery Appeals remanding them to the Court below, with direction that a homestead be laid off to the widow, Evaline Adcock, and her minor children, in an undivided four-sevenths interest in the land in controversy, which the husband of Evaline and the father of these

minors was the owner of at the time of his death.

Since, at least, the opinion in *J. I. Case Co.* v. *Joyce,* 89 Tenn., 337, it has not been an open question in this State that homestead does not attach to undivided interests in land. It would be useless to restate the argument upon which that decision rests; it is sufficient to say it is still regarded by us as sound. Nor is there any intimation in *Briscoe* v. *Vaughan,* 103 Tenn., 308, of dissatisfaction with the holding there made, neither is there any repugnance between the two cases.

The decree of the Court of Chancery Appeals in this regard is reversed, and in all other respects is affirmed.