MITCHELL *et al. v.* DENNY *et al.*

*(Nashville.*    December Term, 1913.)

1. **HOMESTEAD.** Conveyance between spouses. .

A conveyance by a husband to his wife of an undivided one-third interest of land owned by him when he was married, and in which he had a homestead right after marriage, did not destory the wife's right of homestead in the entire tract. (*Post, p.* 368.)

Code cited and construed:    Sec. 3798 (S.).

Constitution cited and construed:    1870, art. 11, sec 11.

Cases cited and approved:    Avans v. Everett, 71 Tenn., 77; J. I. Case Co. v. Joyce, 89 Tenn., 337; Adcock v. Adcock, 104 Tenn., 154.

Case cited and distinguished: Hicks v. Pepper, 60 Tenn., 44.

2. **HOMESTEAD.** Land subject.

A homestead does not attach to undivided interests in land. (*Post, p.* 370.)

3. **HOMESTEAD.** Floating right of homestead.

If the value of land owned by the husband at his marriage exceeded $1,000, the wife's homestead right therein was a mere floating right; but if its value did not exceed that sum, she had a vested right of homestead therein. (*Post, p.* 371.)

4. **HOMESTEAD.** Conveyance. Joint deed.

Under *Const., art.* 11 sec. 11, providing that the homestead property shall not be alienated without the joint consent of husband and wife, and Shannon's Code, sec. 3798, containing substantially the same provision, homestead property can only be conveyed by the joint deed of husband and wife, whether the homestead be vested or a mere floating right. (*Post, p.* 371.)

Mitchell v. Denny.

Code cited and construed: Sec. 3798 (S.).

Constitution cited and construed: 1870, art. 11, sec. 11.

Cases cited and approved: Briscoe v. Vaughn 103 Tenn., 314; Hall v. Fulgham, 86 Tenn., 451; Cox v. Keathley, 99 Tenn., 523.

Case cited and distinguished: Beeler v. Nance, 126 Tenn., 592.

## FROM PUTNAM.

Appeal from the Chancery court of Putnam county to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— A. H. ROBERTS, Judge.

B. G. ADCOCK, for plaintiffs.

O. K. HOLLADAY, and JOHN TUCKER, for defendants.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The bill was filed by complainants, as heirs at law of Isaac M. Scudder, and sought to sell a certain tract of land comprising about seventy acres for partition. Jack Denny and wife, Edna Denny, were made defendants, and along with them certain of the heirs at law of Scudder, who had conveyed their respective interests in the land to Alcorn, who in turn had conveyed to Jack Denny. Alcorn was also made a defendant, and so were certain minor heirs at law of Scudder; these heirs being his children by defendant Edna Denny, who was his wife at the time of his death, and

who married defendant Denny some four years after the death of Scudder.

The bill was met by an answer and cross-bill filed by Denny and wife, and by answer on behalf of the other defendants. Proof was taken, and on final decree complainants appealed to the court of civil appeals, where the decree of the chancellor was affirmed. The case is before us on the complainants' petition for *ceritorari.*

The chancellor and court of civil appeals decreed that Edna Denny was entitled to a homestead interest in the land. That holding is here assailed, and is the main question in the case. The point made against this decree is that, some years prior to the death of Scudder, and in consideration of the sum of about $350 advanced by her to Scudder to enable him to pay off an incumbrance on the land, and under which it was about to be sold, he conveyed to Edna Denny, then his wife, an undivided one-third interest in this land by a deed of general warranty, executed in due form and delivered to her for record. This deed was never recorded, and was lost or mislaid, but was under proper pleadings and proof in this cause set up and established by the decree of the chancellor; and it is insisted for complainants that this deed created between this husband and wife the relationship of tenants in common in the ownership of this land, and wrought a destruction of her right to a homestead in the entire tract.

It is clear from the proof that at the time the deed was made and prior thereto the husband and wife resided on the land as a homesead, and that neither of

them owned any other land, and they lived on this land from the date of that deed until his death, and from that time until the date of the decree she continued to reside upon it with her three minor children, whom she had supported and cared for after his death. Her present husband, Denny, owns no land except that interest in the land in suit acquired by the deed from Alcorn as heretofore stated.

We will now proceed to examine the question made. Article 11, sec. 11, of the constitution of 1870, provides that: "A homestead in the possession of each head of a family and the improvements thereon, to the value of one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same, nor shall said property be alienated without the joint consent of husband and wife, when that relation exists. This exemption shall not operate against public taxes, nor debts contracted for purchase money of said homestead, or improvements thereon." This section of the constitution is in substance embodied in section 3798, Shannon's Code, with the addition: "And shall be exempt from sale in any way at the instance of any creditor or creditors. Said real estate may be sold by the joint consent of husband and wife, where that relation exists, to be evidenced by conveyance duly executed as required by law for married women."

129 Tenn.—24

It has been said by this court that "the controlling object of the constitutional provision is to protect the possession or occupancy of the homestead, the home of the family, from legal process, or from alienation of the husband without his wife's consent during the life of the husband, and while this relation exists, and after his death during the life of the widow, and upon her death to the minor children of the deceased husband, and until the youngest child reaches the age of twenty-one years." *Hicks* v. *Pepper,* 60 Tenn. (1 Baxt.), 44.

It is true that in the above case it was held that after the death of the husband and father the homestead right was abandoned and lost by a removal of the widow with her minor son to the state of Kentucky with no intention to return and occupy the homestead in this state. Such, however, are not the facts of this case. But the insistence of complainants is mainly rested upon three of our cases. These are *Avans* v. *Everett,* 71 Tenn. (3 Lea), 77, *J. I. Case Co.* v. *Joyce,* 89 Tenn. (5 Pickle), 337, 16 S. W. 147, 12 L. R. A. 519, and *Adcock* v. *Adcock,* 104 Tenn. (20 Pickle), 154, 56 S. W. 844.

The doctrine of the two former cases, as interpreted in *Adcock* v. *Adcock,* was "that homestead does not attach to undivided interests in land." Now, accepting this as the settled rule, the question is: Does it apply to the facts of this case? Suppose we grant that, if the tract of land in question had been in the first instance conveyed to the husband and wife as tenants in common, the homestead right would not have attached,

for the reasons stated in *Avans* v. *Everett,* supra, and in *Case Co.* v. *Joyce,* supra, does it follow that right did not attach in this case, where the land was in the first instance not conveyed to husband and wife, as tenants in common, but was conveyed to the husband alone? There would seem to be a sound distinction here. When the husband and wife were married, the land was his property; he owned it, was in possession of it, and it was the only land he did own. He was the head of the family, and, as against his creditors, beyond all question he had a homestead right either vested in or hovering over the land from the date of his marriage to the date of the deed, by which he conveyed an undivided one-third interest in the land to his wife. It is also clear that from the date of the marriage to the date of the deed, the wife had a homestead right hovering over or vested in the land. Now, whether this homestead right was a vested estate in the land or a mere floating right in an unassigned homestead depended on the value of the land. If its value was in excess of $1,000, the right was a floating one; if its value was not in excess of $1,000, then under our cases the right was a vested one. See *Beeler* v. *Nance,* 126 Tenn. (18 Cates), 592, 150 S. W. 797, and cases cited. But, as said in that case, whether the right "be a mere floating right in an unassigned homestead, or such right as under our cases has arisen to the dignity of an estate for life in the specific tract of land by reason of facts which the law will treat as an assignment of homestead in that tract," it is clear that it

"can only be conveyed by the joint deed of husband and wife when that relation exists." Section 11, art. 11, Const. 1870; section 3798, Shannon's Code; *Cox* v. *Keathley*, 99 Tenn., 523, 42 S. W. 437.

It is not claimed that the homestead right of this husband and wife was ever divested out of either of them by their joint deed. The husband exercised the right until his death, which occurred many years after the date of his conveyance to the wife of the undivided one-third interest in the land. But the argument is that the legal effect of that deed was to cut off the homestead right. Well! why should that be? Certainly such a result was not dreamed of by the parties to the deed; nothing in the deed indicates such a purpose. The whole conduct of the parties indicates a contrary purpose; that is to say, no right was ever asserted under the deed hostile to the homestead right. The deed cannot be regarded as a waiver or abandonment of the homestead right, because a material element in either of those acts would be the intent to waive or abandon, and such intent nowhere appears. So, upon the whole, we think the deed must be held as matter of law to have been made subject to the homestead right; and from this it would follow that the execution of the deed had no effect upon the homestead right. The husband could not convey that right without the joinder of the wife in the conveyance in the manner required by the statute. The rule that "homestead does not attach to undivided interests in land" is not effective to destroy such a right, which became fixed in

or upon, or was hovering over, a specific tract of land at the time the owners of it became tenants in common. For to permit the deed to have that effect would be either to say that the deed which created the tenancy in common operated to convey the homestead right, or that it operated as a waiver or abandonment of that right, neither of which, as we have seen, would be a correct view of the legal effect of that deed. The true view is that the homestead right here claimed did not attach to a tract of land held by tenants in common after the execution of the deed from the husband to the wife, but, on the contrary, that the right antedated the deed and was in no wise affected by the execution of that instrument. This view is in harmony with the reasoning of the opinion in *Briscoe* v. *Vaughn,* 103 Tenn. (19 Pick.), 314, 52 S. W. 1068; *Hall* v. *Fulgham,* 86 Tenn. (2 Pickle), 451, 7 S. W. 121, and in fact, we think with all our cases.

We find no error in the decree of the chancellor or the court of civil appeals, and therefore the decree of the latter court is affirmed.