In re LEGG.

LEGG v. ST. JOHN.

No. 6906.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1935.

Henry Roberts, of Bristol, Va. (Roberts & Roberts, on the brief), for appellant.

Clayton Scyphers, of Bristol, Va., and Robert Burrow, of Bristol, Tenn., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The District Court affirmed an order of the referee in bankruptcy directing a life insurance company to pay disability benefits accruing to the bankrupt after adjudication in bankruptcy, to the trustee as assets of the bankrupt's estate. The bankrupt's life insurance policy and its cash surrender value, together with $40 of the monthly disability benefits, were held exempt. The sole question is whether the remainder of the monthly total and permanent disability payments, amounting to $134.52 per month, are exempt under sections 8456 and 8458 of the Tennessee Code of 1932,[1] or under title 11, U. S. C. § 110 (a) (5), 11 USCA § 110 (a) (5).[2]

■ Even were we to assume that section 8456 applies notwithstanding the phrase "in case of his, death," the question presented under sections 8456 and 8458 is the same. The disability payments are exempt only if they are made under a policy of life insurance or annuity. It is appellant's principal contention that they are made under a life insurance policy. The bankrupt was insured under such a policy. The disability contract, both by its terms and physically, is "attached to and made part of" the life insurance policy. Considered separately, the disability contract in no sense provides for life insurance. It is effective before death, upon a contingency, and is payable directly to the insured. However, appellant contends that as the contract is attached to and made part of the life insurance policy, it falls within the statutory exemption.

The disability contract contains the following provision: "This Supplementary Contract shall be deemed to be a part of the above numbered Policy and the provisions of said Policy concerning declarations and representations by the insured, restrictions, payment of premiums, change of beneficiary, and assignment, are hereby referred to and by such reference made a part hereof. No other provisions of said Policy shall be held or deemed to be a part hereof * * *"

Certain exceptions follow, which have no application here.

The disability contract, then, provides that the two contracts should be read together as to certain features, and should be separate as to other features. The payment of disability benefits does not fall within those provisions in which the two contracts are one. The premiums for the two forms of protection are entirely separate. In short, the disability contract is not a life insurance contract, nor is it by its own terms, except in limited particulars, a part thereof. Neither is it an annuity contract. An annuity contract provides for payments to the insured or a named person or persons of a sum or sums periodically during life, or for a certain period. While this supplementary contract resembles an annuity in the fact that periodical payments to the insured are now being made thereunder, it does not fall within the definition of an annuity contract, and also it is not issued "upon the life" of the insured (section 8458). Hence the Tennessee statutes have no application.

■ Neither does the contract fall within section 70a (5) of the Bankruptcy Act (section 110 (a) (5), 11 USCA). That provision covers any insurance contract which has either an express cash surrender value or a cash surrender value under the concession or practice of the insurer. Hiscock,

[1] Section 8456: "Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

Section 8458: "The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the effective date of this Code, whether or not the right

to change the named beneficiary is reserved by or permitted to such person."

[2] Section 110 (a) (5), title 11, U. S. C., 11 USCA § 110 (a) (5): "* * * When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets * * *"

Trustee, v. Mertens, 205 U. S. 202, 27 S. Ct. 488, 51 L. Ed. 771. This disability contract has no cash surrender value. Also nothing in the record indicates a practice of the insurer giving it cash surrender value, nor any offer from the company to pay any amount upon the surrender of this disability contract.

We grant that Tennessee exemption statutes are to be construed liberally. Terry v. McDaniel, 103 Tenn. 415, 53 S. W. 732, 46 L. R. A. 559; Dawson, Trustee, v. National Life Ins. Co., 156 Tenn. 306, 300 S. W. 567. However, no construction is called for where the contract is clearly not within the terms of the statute.

Appellant urges that, since the disability contract provides for waiver of premiums and also for the payment of disability benefits, the effect of the holding of the District Court is inconsistent in that it preserves for the insured his right to a waiver of premiums during disability while applying the disability benefits to the payment of his debts. This contention ignores the fact that each of these provisions is now being performed. The payment of premiums is waived, and the disability benefits are being paid.

The judgment of the District Court is affirmed.

ALLEN, Circuit Judge, dissenting.