MORGAN HIPSHIRE and wife, OPAL HIPSHIRE, Complainants-Appellants, v. FLORENCE STAPLETON, Defendant-Appellee, and Tennessee Department of Public Welfare, Intervening Petitioner.—418 S.W.(2d) 457.

Western Section. May 13, 1966.

Certiorari Denied by Supreme Court October 17, 1966.

340.

J. Carl Lambdin, Jefferson City, for appellants.

Howard W. Rhea, Sneedville, for appellee Florence Stapleton.

Bess Blake, Nashville, for Tennessee Department of Public Welfare.

CARNEY, J. In the court below the Chancellor rendered decrees adverse to the complainants. While the complainants excepted to the action of the Chancellor, they did not appeal; at least there is nothing in the transcript before this court which showed the granting of an appeal. They filed a bill of review which was denied

by the Chancellor. On December 14, 1965, complainants filed the record for writ of error in lieu of an appeal as provided by T.C.A. Section 27-601, 610. Complainants have filed some twelve assignments of error but we do not deem it necessary to discuss them seriatim.

Because of changes in personnel in the Tennessee Department of Public Welfare, the Department failed to file a brief. On the hearing the solicitor for the Department appeared in open court and adopted the brief filed by solicitor for complainants.

This suit involves the title to 70 acres of land located in Grainger County, Tennessee, owned by Jim Stapleton at the time of his death intestate on December 31, 1932. Another tract of 35 acres owned by Jim Stapleton is not involved in this present litigation. Homestead and dower in the 70 acres were laid off to the widow of Jim Stapleton, Mrs. Nancy Stapleton, who later married Robert Corbin. Forty-six acres of the 70-acre tract were set apart as homestead for Nancy Stapleton Corbin and 24 acres were set apart as dower for her.

Jim Stapleton left the following children as his heirs: (1) W. J. Stapleton, now living; (2) Nelson Stapleton, who died without children; (3) Martha Stapleton Myers, who died leaving one child, Julia W. Howerton, who also is now deceased and left five children; (4) Riley Stapleton, who died April 15, 1951, leaving no children and leaving only surviving him a widow, and defendant Florence Stapleton. Nancy Stapleton Corbin, widow of Jim Stapleton, is still living but now confined to a nursing home in Johnson City, Tennessee. She was unable to testify in the trial below.

On April 1, 1949, Mrs. Nancy Corbin conveyed to her husband, R. T. Corbin, her interest in the homestead tract of 46 acres and the dower tract of 24 acres. The deed recited in part as follows: "This indenture made this first day of April, A.D. 1949, between Mrs. Nancy E. Corbin of Thorn Hill, Grainger County, Tennessee, party of the first part, and R. T. Corbin of the same state and county, party of the second part. * * *" However, the deed was acknowledged on April 2, 1949, by Mrs. Corbin before a Notary Public in Lee County, Virginia. The deed was recorded in the Register's office of Grainger County, Tennessee, on April 4, 1949. The Chancellor below held this deed void on the grounds that Mrs. Corbin had abandoned and forfeited her homestead and dower rights by moving to the State of Virginia.

On March 21, 1950, R. T. Corbin and wife, Nancy Corbin, executed a deed to the 46-acre homestead tract and the 24-acre dower tract to Burley Myers. This deed was acknowledged before a Notary Public in Hancock County, Tennessee, but the deed recited that R. T. Corbin and wife were of Blackwater, Virginia, and Burley Myers was of Thorn Hill, Tennessee.

On May 15, 1950, Burley Myers and others conveyed to the complainants, Morgan Hipshire and wife, the 46-acre homestead tract and the 24-acre dower tract which they had purchased from Corbin and wife. Hipshire and wife took possession of the two tracts totaling 70 acres.

Prior to the time Hipshire and wife purchased the homestead and dower tracts of Nancy Corbin, Nelson Stapleton had died without issue. His one-fourth interest in reversion devolved upon his brothers, W. J. Stapleton and Riley Stapleton, and his sister's five grandchildren,

the Howertons. Therefore, the reversionary interest in the homestead and dower tracts was owned one-third by W. J. Stapleton, one-third by the grandchildren of Martha Stapleton Myers and one-third by Riley Stapleton.

On May 15, 1950, the complainants Hipshire and wife purchased the undivided one-third reversionary interest of W. J. Stapleton in and to the homestead and dower tracts of Nancy Corbin. On June 1, 1950, they purchased the one-third undivided reversionary interest of the grandchildren of Martha Stapleton Myers. This left Riley Stapleton owning an undivided one-third reversionary interest in the homestead and dower tracts subject to the estate for the life of Nancy Corbin held by complainants Morgan Hipshire and wife.

On April 16, 1951, Riley Stapleton, husband of the defendant, Florence Stapleton, died without a will and leaving no children.

On July 7, 1956, Morgan Hipshire and wife, Opal Hipshire, filed their original bill in this cause naming Florence Stapleton as a defendant asking the court to declare the title to the property and to sell the same for partition. The defendant, Mrs. Florence Stapleton, answered and contended that she was entitled to homestead and dower rights in the entire 70 acres of land as the widow of Riley Stapleton. The Tennessee Department of Public Welfare intervened averring that Riley Stapleton had drawn old age benefits to the total amount of $1,042.80 and that the Department was entitled to be reimbursed out of the proceeds of sale of his interest in said property. Solicitor for the complainants, Hon. G. Howard Nevils of Tazewell, Tennessee, became ill and

ultimately died. There was a long delay before the case came to trial.

In November, 1960, His Honor the Chancellor rendered a memorandum opinion in which he held that Mrs. Nancy Stapleton Corbin had abandoned and forfeited her homestead because she left the State of Tennessee in 1949 and moved to the State of Virginia. He held that the interest of Riley Stapleton was subject to a lien in favor of the Tennessee Department of Public Welfare in the amount of $1,042.80. With reference to the interest of Nancy Stapleton Corbin in the 70 acres we copy from his memorandum opinion as follows:

"Accordingly, the Court finds that when Nancy Stapleton Corbin removed herself from the State of Tennessee in 1949, she thereby abandoned and forfeited her homestead rights in the said forty-six (46) acres. It therefore follows that a one-third (⅓) undivided interest in the homestead of forty-six (46) acres reverts to the estate of Riley Stapleton, deceased, and to the Defendant, Florence Stapleton, as his surviving widow; and also a one-third (⅓) vested remainder interest in the twenty-four (24) acres of the dower reverts accordingly. The Court further finds that an order of reference to the Master is necessary to ascertain and determine the fair rental value of the homestead, going back to 1950, the date of the conveyance of Nancy Stapleton Corbin, and that the Defendant, Florence Stapleton, is entitled to her proportionate share of same. The Court further directs the Clerk and Master to appoint commissioners, according to law, to go upon the premises and lay off the fifteen and one-third (15⅓) acres representing one-third (⅓) of

the said homestead to the Defendant. A decree will be entered accordingly.''

Commissioners were appointed and out of the 46-acre tract set apart 15 acres to Mrs. Florence Stapleton as a homestead. The other 31 acres were allotted to Morgan Hipshire and wife. The record is not clear but apparently the commissioners also set apart 8 acres out of the 24-acre tract as a dower to Mrs. Florence Stapleton. The Clerk & Master, in response to an order of reference, allowed Mrs. Stapleton $342.20 as her portion of the rents from the homestead tract and possibly the dower tract for the period from 1950 to 1960 when she was out of possession of the land allotted to her by the commissioners. On May 20, 1965, His Honor the Chancellor entered a final decree confirming the report of the commissioners and the report of the Clerk & Master as to rentals and reaffirming his former decrees that Mrs. Nancy Corbin had abandoned and forfeited her homestead and dower rights in the 70 acres of land.

■■ Assignment of error No. III insists that His Honor the Chancellor was in error in holding that the removal of Nancy Stapleton Corbin from the State of Tennessee worked a forfeiture and abandonment of her homestead. The general rule is that homestead, either assigned or unassigned, is abandoned by the removal and becoming a resident of another state whether done by the husband or his widow. Farris v. Sipes (1897), 99 Tenn. 298, 41 S.W. 443; Coile v. Hudgins (1902), 109 Tenn. 217, 70 S.W. 56; Grier v. Canada (1907), 119 Tenn. 17, 107 S.W. 970; Clark v. Bullen (1922), 147 Tenn. 261, 247 S.W. 107. However, when a widow's homestead has been assigned to her it is not lost even though she removes to another state when she retains control of the premises

by leasing or renting them to a tenant. Peterson v. Goudge (1916), 6 Tenn.Civ.App. (6 Higgins) 288.

██ After homestead has been assigned it may be leased or conveyed by the owner and the lessee or purchaser will not be affected for the seller's removal from the state after the sale and conveyance. Beeler v. Nance (1912), 126 Tenn. 589, 150 S.W. 797; Coile v. Hudgins, supra; Grier v. Canada, supra; Miller v. Fidelity Bankers Trust Co. (1932), 164 Tenn. 149, 46 S.W.2d 516.

 Now with reference to the finding of the Chancellor that Mrs. Nancy Corbin abandoned her homestead before she conveyed the same to her husband on April 1, 1949, and thereby forfeited her homestead we must respectfully disagree. There is no evidence of probative value in the record as to just when Mr. and Mrs. Corbin actually moved from the State of Tennessee to the State of Virginia to live. There is proof that either Mr. Corbin or Mrs. Corbin owned another farm near Blackwater, Virginia, about 25 miles from the 70 acres located in Grainger County. The only reasonable interpretation of the deed from Mrs. Corbin conveying her homestead and dower to Mr. Corbin is that they were both still citizens and residents of Thorn Hill, Grainger County, Tennessee, on April 1, 1949. Our courts indulge a strong presumption against any waiver or abandonment of the right of homestead. Galyon v. Gilmore, 93 Tenn.671, 28 S.W. 301. The evidence preponderates against the finding of the Chancellor that Mrs. Nancy Corbin abandoned her homestead. The deed from Nancy Corbin to R. T. Corbin was valid. Assignment of error No. III is therefore sustained.

██ Since we have held the deed from Nancy Corbin to her husband, R. T. Corbin, valid and the deed from

R. T. Corbin and wife to Burley Myers valid it follows that at the time of the death of Riley Stapleton on April 15, 1951, the complainants, Morgan Hipshire and wife, were in the actual possession of the 46-acre tract and of the 24-acre tract as owners of an estate in both tracts for the life of Mrs. Nancy Corbin. At the same time they were also the owners, as purchasers from W. J. Stapleton and the grandchildren of Martha Stapleton Myers, of an undivided two-thirds interest in the reversion of said two tracts of land. The other one-third interest in the reversion was owned by Riley Stapleton (having inherited it from his father, Jim Stapleton). Upon his death intestate without children his one-third interest in reversion devolved by T.C.A. Section 31-101 upon his brother, W. J. Stapleton, and the grandchildren of his deceased sister, Martha Stapleton Myers. Since this undivided interest was realty and since he died intestate, the only interest his widow, the defendant, Mrs. Florence Stapleton, could have had was either homestead or dower which we discuss hereinafter.

Assignment of error No. I assails the action of the Chancellor in awarding Mrs. Florence Stapleton a homestead in the 46-acre Nancy Stapleton Corbin homestead tract. We think this assignment of error is good for two reasons:

(1) Mrs. Florence Stapleton would have no higher right to homestead than her husband, Riley Stapleton, had at the time of his death. Riley Stapleton had only a reversionary interest in the 46-acre tract of land. The 46-acre tract and the 24-acre tract were subject to estates for the life of Mrs. Nancy Corbin who was still living. In Howell v. Jones (1892), 91 Tenn. 402, it was held that the homestead does not attach to a reversionary interest

in land. The claimant of homestead must have the right of present occupancy though it is not essential that he have actual occupancy of the land to entitle him to homestead. Also it was held in Howell v. Jones that unless the husband had the right of homestead in the land at his death his widow could have none. This case has been cited with approval through the years, the most recent being Butler v. Parker (1956), 200 Tenn. 603, 612, 293 S.W.2d 174.

(2) Riley Stapleton had no right of homestead in the 46-acre tract of land nor in the 24-acre dower tract of land at the time of his death because he only owned an undivided one-third interest in reversion in each of two said tracts of land. J. I. Case Co. v. Joyce (1890), 89 Tenn. 337, 16 S.W. 147, 12 L.R.A. 519; Adcock v. Adcock (1899), 104 Tenn. 154, 56 S.W. 844.

In Kellar v. Kellar (1920), 142 Tenn. 524, 221 S.W. 189, our Tennessee Supreme Court reannounced the rule that the interest of a tenant in common in real estate is free from homestead even though the tenants in common happen to be husband and wife. Kellar v. Kellar was approved in the case of Prichard v. Carter (1960), 208 Tenn. 648, 348 S.W.2d 306. Therefore, assignment of error No. I relating to the action of the Chancellor in allowing homestead to Mrs. Florence Stapleton is sustained.

The decree below is not clear but apparently the Chancellor held that Mrs. Florence Stapleton was entitled to a dower right in the 24-acre Nancy Corbin dower tract. We must respectfully disagree. T.C.A. Section 31-601 provides as follows:

"31-601. Dower in legal and equitable estate.—If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third (⅓) part of all the lands of which her husband died seized and possessed, or of which he was at death equitable owner."

█ There can be no dower in a remainder or reversionary estate of the husband dying before the termination of the previous estate; and the widow of such husband is not entitled to dower in such land even after the termination of such previous estate unless the same was terminated before the death of the husband. Apple v. Apple (1858), 38 Tenn. 348; Gass v. Hawkins (1860), 1 Tenn.Cas. (Shannon) 167; Vanleer v. Vanleer (1875), 3 Tenn.Ch. 23; Lunsford v. Jarrett (1883), 79 Tenn. 192.

█ Since we have held that Mrs. Florence Stapleton, widow of Riley Stapleton, had no right of homestead or dower in the 70-acre tract of land it necessarily follows that His Honor the Chancellor was in error in awarding judgment for rentals on any part of the 70-acre tract of land to Mrs. Stapleton. Assignment of error No. X is sustained.

The other assignments of error which are similar in nature to the three hereinabove sustained are pretermitted.

Consistent with the prayer of complainants' original bill to determine the rights of the parties, we hold that the entire 70-acre tract of land described in the pleadings is owned by Morgan Hipshire and wife, Opal, for the lifetime of Mrs. Nancy E. Corbin and that they also own an undivided two-thirds interest in the reversionary estate. Wallace J. Stapleton is the owner in fee simple of an undivided one-sixth interest in reversion subject

to the estate for the life of Nancy Corbin owned by Hipshire and wife and subject to the claim of the Tennessee Department of Public Welfare.

The five grandchildren of Martha Stapleton Myers, namely Everett P. Howerton, Elmer James Howerton, Ethel M. Howerton, Edward L. Howerton and George H. Howerton, are the owners of an undivided one-thirtieth interest each in the reversion subject to the estate for the life of Nancy Corbin and subject to the claim of the Tennessee Department of Public Welfare. The defendant, Florence Stapleton, does not own any interest in the real estate.

The 70 acres of land are located close to the Virginia border, some hill land, some bottom land, suitable only for farming. Therefore, we hold that the 70 acres of land are so situated that they cannot be equitably divided in kind among the several owners of the reversion according to their respective interests therein and that it is manifestly to the advantage of all the parties that the reversion in said 70 acres be sold for partition and division. T.C.A. Section 23-2128. The holders of the life estate pur autre vie may, if they wish, have the entire interest in the 70 acres sold so as to give a purchaser the full fee simple title and possession of the 70 acres. T.C.A. Section 23-2135.

Decree will be entered in accordance with this opinion reversing the action of the lower court and remanding the cause. The costs will be taxed against the appellee, Mrs. Florence Stapleton.

Avery, P. J. (W. S.), and Bejach, J., concur.