In re Marc A. PATTERSON and Felicia R. Patterson, Debtors.

No. 12–11319.

United States Bankruptcy Court, W.D. Tennessee.

Feb. 28, 2013.

Benjamin S. Dempsey, Huntingdon, TN, for Debtor and Joint Debtor.

ORDER ON CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION IN HOUSE AND LOT AT 17130 HWY. 70, HUNTINGDON, TENNESSEE

PAULETTE J. DELK, Bankruptcy Judge.

Before the court is the Chapter 7 Trustee's Objection to Claimed Exemption filed on June 26, 2012 and the Debtors' Response/Objection filed on June 27, 2012, Motion to Dismiss Trustee's Objection filed on October 16, 2012, and Post Trial Memorandum filed on February 25, 2013. Pursuant to 28 U.S.C. § 157(b)(2)(B), this is a core proceeding. The court conducted a hearing on February 7, 2013. After considering the testimony of one Debtor, exhibits introduced into evidence, and the entire record as a whole, the following shall constitute the court's findings of fact and conclusions of law in accordance with FED. R. BANKR. P. 7052.

The relevant background facts may be summarized as follows: Debtors filed a previous petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 11–13572, on November 28, 2011. In this previous case, Debtors claimed a $30,500 homestead exemption pursuant to Tenn.Code Ann. § 26–2–301(f) in the real property located at 17130 Hwy. 70, Huntingdon, Tennessee ("Highway 70"). On January 10, 2012, the Chapter 7 Trustee ("Trustee") filed an objection to that claimed exemption on the basis that the property was not Debtors' principal residence at the time of the filing of the bankruptcy petition and, therefore, was not an allowable exemption. On January 12, 2012, Debtors filed a response in opposition to the Trustee's Objection in which they contend that the property was the only real estate owned by Debtors at the time of filing of the case and, therefore, it is an eligible homestead exemption.

The Trustee contended that Debtors were not residing at the Highway 70 property at the time this previous petition was filed; therefore, the claimed exemption in that property was improper. On page one of the previous petition, both Debtors listed 2574 Old Stage Road, Huntington, Tennessee ("Stage Road") under the Street Address of Debtor. Both Debtors testified at the January 3, 2012 Meeting of Creditors that they were living on Stage Road at the time the previous petition was filed.[1] Yet, the Stage Road property was foreclosed upon on November 9, 2011, which was prior to the filing of the previous petition. Additionally, a Substitute Trustee's Deed transferring the Stage Road property to

---

1. At the hearing on February 7, 2013, one Debtor testified that Debtors had moved some belongings into the Highway 70 property before filing the previous petition, but, due to a recent theft, moved belongings back to the Stage Road property so that Debtors could stay there and protect the property from vandalism.

the mortgage company was recorded on or about November 19, 2011, which was also prior to the filing of the previous petition. On December 21, 2011, a forcible entry and detainer warrant was filed against Debtors regarding the Stage Road property.

No order was entered on the Trustee's objection. Instead, the Trustee contends that the Trustee and Debtors agreed that Debtors would convert their previous Chapter 7 case to a Chapter 13. Debtors filed a Motion to Convert to Chapter 13 on April 9, 2012. The motion was granted without opposition on April 11, 2012. No further documents were filed by Debtors in this previous case. On May 2, 2012, the previous case was dismissed for failure to pay the required filing fee.

Eight days later, on May 10, 2012, Debtors filed the instant voluntary petition for relief under Chapter 7. In this petition, Debtors claim a $29,000 homestead exemption pursuant to Tenn.Code Ann. § 26–2–301(f) in the same Highway 70 property and list the Highway 70 property as their address. The Trustee again filed an objection to the claimed exemption relying on the facts set forth above regarding the previous petition. Additionally, the Trustee contends in his objection to claimed exemption that Debtors have not acted in good faith. Debtors filed a response in opposition and a motion to dismiss the objection claiming that "at the time of the petition the debtors owned and occupied only one tract of land eligible to be considered their homestead." [See Doc. 23, Motion to Dismiss Trustee's Objection to Debtors' Homestead Exemption].

The State of Tennessee elected to "opt out" of the section 522 federal bankruptcy exemption scheme, including the homestead exemption provision contained in 11 U.S.C. § 522(d); therefore, the applicable exemption statute here is Tenn.Code Ann.

§ 26–2–301, which provides, in relevant part:

> (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

The homestead exemption is liberally construed in favor of the debtor. *Legg v. St. John (In re Legg)*, 76 F.2d 841, 843 (6th Cir.1935) ("Tennessee exemption statutes are to be construed liberally."); *White v. Fulghum*, 87 Tenn. 281, 10 S.W. 501, 502–03 (1889) ("The homestead exemption is a favorite in this country, and all laws concerning it are by the courts liberally construed in favor of the claimant."); *In re Hogue*, 286 S.W.3d 890, 894 (Tenn.2009) ("[W]e must bear in mind the longstanding rule in this state that exemption statutes are to be liberally construed."). When objecting to the homestead exemption, the trustee bears the burden of proof that the exemption does not apply. *In re Whitney*, 459 B.R. 712 (Bankr.N.D.Ohio 2011).

In Tennessee, the claimant does not need to reside on the homestead in order to claim the exemption, but must have the right of present occupancy. *Hinds v. Buck*, 177 Tenn. 444, 150 S.W.2d 1071, 1072 (1941)(finding that "the right exists if the head of the family owns or is possessed of the land."); *Hipshire v. Stapleton*, 57 Tenn.App. 339, 418 S.W.2d 457, 461 (1966)("The claimant of homestead must have the right of present occupancy though it is not essential that he have actual occupancy of the land to entitle him to homestead."); *In re Sivley*, 14 B.R. 905, 908 (Bankr.E.D.Tenn.1981)(finding that a principal place of residence "is not neces-

sarily where the debtor lives when the exemption is claimed" but depends on the debtor's use and intent.). Here, Debtors had the right of present occupancy of the home on Highway 70 at the time of filing the petition. They owned the property, and the former tenants had already moved out of the house. Although the facts are not totally free of doubt, it appears that, on the date of filing the previous petition, Debtors had an imminent intent to move to the Highway 70 property.

Furthermore, the Highway 70 property was the only property for which the Debtors had the right of present occupancy. This fact distinguishes this case from the *Dilbeck* case cited by the Trustee. The court in *In re Dilbeck*, 2008 WL 867897 (Bankr.E.D.Tenn.2008), considers several factors in order to determine which of the debtors' two properties was used as their principal residence on the date of filing the bankruptcy petition. In that case, however, the debtors owned both properties. In the case before the court, Debtors only owned the Highway 70 property, as the bank had already foreclosed on the Stage Road property by the time the petition was filed. The Highway 70 property was the one and only property, therefore, for which the Debtors had the right of present occupancy.

■ Although inquiry into a debtor's good faith is appropriate in motions to dismiss under 11 U.S.C. § 707, courts do not generally consider a debtor's good faith or lack thereof in homestead exemption litigation, because of the strong public policy favoring homestead exemptions. The Supreme Court, when addressing the issue of timeliness of an objection to exemptions, clearly rejected the trustee's argument that a debtor may be encouraged to file meritless exemption claims if a good faith basis for claiming exemptions is not required. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The Court preferred to risk the allowance of exemptions not filed in good faith in favor of a bright line rule for objecting to exemptions. *Id.* at 643, 112 S.Ct. 1644. Although the timeliness of the Trustee's objection is not at issue in this case, this court accepts the Supreme Court's analysis that the possibility that an exemption may not be filed in good faith is not sufficient reason to ignore the strong public policy favoring exemptions.

Based on the foregoing, the Trustee's Objection to Claimed Exemption in House and Lot at 17130 Hwy. 70, Huntingdon, Tennessee is hereby denied, and Debtors' claimed homestead exemption will be allowed.